NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2025 VT 25

No. 24-AP-141

| | |
|---|---|
| In re Guillemette ZA Determination Appeal<br>(Anne Guillemette & Mark Guillemette, Appellants) | Supreme Court<br><br>On Appeal from<br>Superior Court,<br>Environmental Division<br><br>December Term, 2024 |

Thomas G. Walsh, J.

David R. Cooper and Rodney E. McPhee of Facey Goss & McPhee P.C., Rutland, for
  Appellants.

Megan E. Grove and Geoffrey H. Hand of SRH Law PLLC, Burlington, for Appellee Michael
  Casey.

PRESENT: Reiber, C.J., Eaton, Carroll, Cohen and Waples, JJ.

¶ 1. **REIBER, C.J.** Landowners Anne and Mark Guillemette appeal an Environmental Division order denying their motion to dismiss neighbor Michael Casey's appeal and remanding the matter to the Monkton Development Review Board (DRB) for consideration on the merits. Below, landowners argued that the finality provision at 24 V.S.A. § 4472 barred neighbor's untimely challenge to a decision of the Monkton zoning administrator. On appeal, landowners contend that the environmental court erred in concluding that 10 V.S.A. § 8504(b)(2)(C) creates an exception to § 4472 under which it could permit neighbor's appeal to proceed upon determining that a "condition exists that would result in manifest injustice if the person's right to appeal was disallowed." We agree that § 8504(b)(2)(C) does not apply to appeals from the decision of a municipal administrative officer and therefore reverse.

¶ 2.     The record reflects the following.  The parties own neighboring properties in the town of Monkton.  In April 2023, neighbor sent an email to the Monkton zoning administrator alleging that landowners were using their property in a manner that violated the town's zoning regulations.  On June 6, 2023, the zoning administrator issued a decision finding that although landowners had not obtained a permit to operate a wood-processing facility on their property, they had been doing so for a period of at least nineteen years.  The administrator concluded that this use therefore fell outside the fifteen-year limitations period at 24 V.S.A. § 4454(a) and declined to initiate an enforcement action.[1]

¶ 3.     The following language was included at the conclusion of the zoning administrator's decision:

> Please note: An appeal of this decision may be taken by filing, within 30 days of the date of this decision, a notice of appeal and the required fee by certified mail to the Superior Court, Environmental Division.  See V.R.E.C.P. 5(b).  A copy of the notice of appeal must also be mailed to the Town of Monkton Zoning Administrator or Town Clerk, P.O. Box 12, Monkton, VT 05469.  See V.R.E.C.P. 5(b)(4)(A).  Please contact the Environmental Division at 802-828-1660 or http://vermontjudiciary.org/GTC/environmental/default.aspx for more information on filing requirements, deadlines, fees and mailing address.

At the time, neighbor, identified as an "interested person" under 24 V.S.A. § 4465(b)(3), was self-represented.  He filed a notice of appeal in the Environmental Division on July 5, 2023—twenty-nine days after the zoning administrator's decision issued.

¶ 4.     The thirty-day deadline recited in the notice, however, was misleading.  Had neighbor sought more information about deadlines as the notice also advised, he would have learned that he had fifteen days to appeal the zoning administrator's decision to the Monkton DRB and thirty days to appeal any subsequent DRB decision to the Environmental Division.  Under 24

---

[1] Neighbor asserts that the zoning administrator's decision failed to address concerns he raised in his email regarding landowners' automotive-repair shop and salvage yard.  Landowners disagree.  The scope of the zoning administrator's decision is not relevant to the question before us on appeal and we therefore express no opinion on this point.

2

V.S.A. § 4465(a), an "interested person may appeal any decision or act taken by the administrative officer in any municipality" by filing a notice of appeal to the municipality's board of adjustment or development-review board "within 15 days following the date of that decision or act."[2] The decision of that municipal board may, in turn, be appealed in the manner described in the zoning administrator's instructions: by filing a notice of appeal in the Environmental Division of the superior court within thirty days. See 24 V.S.A. § 4471(a) (indicating that "[a]n interested person who has participated in a municipal regulatory proceeding authorized under this title may appeal a decision rendered in that proceeding by an appropriate municipal panel to the Environmental Division . . . in such manner as the Supreme Court may by rule provide"); V.R.E.C.P. 5(b)(1) (providing that appeal to Environmental Division must be filed "within 30 days of the date of" the act, decision, or jurisdictional opinion appealed from unless court extends time under Rule 4 of Vermont Rules of Appellate Procedure).

¶ 5.    Landowners moved to dismiss, arguing that due to the finality provision in 24 V.S.A. § 4472, neighbor's appeal was late and the Environmental Division lacked subject-matter jurisdiction. Section 4472 provides that "the exclusive remedy of an interested person with respect to any decision or act taken, or any failure to act, under this chapter or with respect to any one or more of the provisions of any plan or bylaw shall be the appeal to the appropriate panel under section 4465," and that, "[u]pon the failure of any interested person to appeal to an appropriate municipal panel under section 4465 . . . all interested persons affected shall be bound by that

---

[2] As noted above, it is undisputed that neighbor falls within the statutory definition of "interested person," which includes any individual

> owning or occupying property in the immediate neighborhood of a property that is the subject of any decision or act taken under this chapter, who can demonstrate a physical or environmental impact on the person's interest under the criteria reviewed, and who alleges that the decision or act, if confirmed, will not be in accord with the policies, purposes, or terms of the plan or bylaw of that municipality.

24 V.S.A. § 4465(b)(3).

decision or act of that officer." 24 V.S.A. § 4472(a), (d). Because neighbor did not file a notice of appeal within fifteen days of the zoning administrator's decision as required under § 4465(a), landowners contended that dismissal was mandatory under § 4472.[3]

¶ 6.     Neighbor—now represented by counsel—opposed landowners' motion and requested that the Environmental Division either remand the matter to the Monkton DRB for consideration on the merits or, in the alternative, retain jurisdiction and allow his appeal to proceed. As pertinent here, he argued that 10 V.S.A. § 8504(b)(2)(C) carves out an exception to 24 V.S.A. § 4472 by giving the environmental court discretion to permit an untimely appeal from a municipal administrative officer's decision where a "condition exists that would result in manifest injustice if the person's right to appeal was disallowed." Neighbor contended that to dismiss an appeal as untimely where notice was filed by an unrepresented party in accordance with the incorrect instructions of a zoning administrator would be "manifest injustice" within the meaning of § 8502(b)(2)(C). Landowners responded in opposition, arguing that § 8504(b)(2)(C) applies only to appeals from municipal panel decisions and therefore could not save neighbor's appeal from the decision of a municipal administrative officer.

¶ 7.     The Environmental Division subsequently issued a decision summarily accepting neighbor's assertion that § 8504(b)(2)(C) applies to appeals from the decision of a zoning administrator. It explained that the undisputed facts demonstrated that neighbor reasonably and detrimentally relied on the zoning administrator's incorrect appeal instructions, citing In re Langlois/Novicki Variance Denial for the proposition that where "a government official charged with administering zoning regulations provides inaccurate advice," a court "will not assume that the citizen was nevertheless aware of the actual legal requirements." 2017 VT 76, ¶ 23, 205 Vt.

---

[3] 24 V.S.A. § 4465(a) also directs that a notice of appeal from a zoning administrator's determination be filed "with the secretary of the board of adjustment or development review board of that municipality or with the clerk of that municipality if no such secretary has been elected." Landowners expressly declined to seek relief on the ground that neighbor's notice of appeal was filed in the Environmental Division rather than with the Monkton DRB, arguing for dismissal solely on the basis that the notice was untimely.

4

340, 175 A.3d 1222. To disallow neighbor's appeal under this circumstance, the court reasoned, would result in "manifest injustice" under § 8504(b)(2)(C). On this basis, it denied landowners' motion to dismiss and granted neighbor's request for a remand to the Monkton DRB with instructions to consider his appeal on its merits.

¶ 8. On appeal to this Court, landowners again argue that § 8504(b)(2)(C) does not apply to appeals from the decision of a municipal administrative officer. In addition, they contend that even with respect to appeals from municipal regulatory proceedings, § 8504(b)(2)(C) does not allow the environmental court to excuse the requirement of a timely notice of appeal—instead, it provides a narrower mechanism through which the court may allow an appeal from a person who does not strictly satisfy the statutory standing requirements. Because we agree with the former argument, we do not reach the latter.

¶ 9. On appeal from the Environmental Division's denial of a motion to dismiss for lack of subject-matter jurisdiction, we accept all uncontroverted factual allegations as true and construe them in the light most favorable to the nonmoving party. In re 2078 Jersey St. CU Reconsideration Denial, 2024 VT 20, ¶ 9, __ Vt. __, 316 A.3d 248. We review the court's underlying legal analysis, including its interpretation of statutory language, without deference. Id.; Vt. Hum. Rts. Comm'n v. Town of St. Johnsbury, 2024 VT 71, ¶ 6, _ Vt. __, 329 A.3d 190.

¶ 10. Our objective in interpreting a statute is to ascertain and give effect to the underlying legislative intent. In re Windham Windsor Hous. Trust JO Appeal, 2024 VT 73, ¶ 5, __ Vt. __, 328 A.3d. 1225. Because we presume that the Legislature intended the plain, ordinary meaning of the language it chose, we begin by examining the statutory text. Id. Where the legislative intent is evident on the face of the statute, we enforce it according to its terms. In re Carroll, 2007 VT 19, ¶ 9, 181 Vt. 383, 925 A.2d 990. Only if doubts survive this initial inquiry will we resort to canons of statutory construction to uncover the Legislature's intent. In re Hinsdale Farm, 2004 VT 72, ¶ 5, 177 Vt. 115, 858 A.2d 249.

5

¶ 11.    The question presented here is whether the trial court erred in concluding that 10 V.S.A. § 8504(b)(2)(C) creates an exception to the finality provision in 24 V.S.A. § 4472.  We therefore begin by discussing § 4472, mindful that we must interpret § 8504(b)(2)(C) in the context of this larger statutory scheme.  See Town of Sandgate v. Colehamer, 156 Vt. 77, 82, 589 A.2d 1205, 1208 (1990) ("[W]e must interpret a zoning statute in light of the whole statutory scheme.").

¶ 12.    Under 24 V.S.A. § 4472(a), with two exceptions not relevant here, "the exclusive remedy of an interested person with respect to any decision or act taken, or any failure to act, under this chapter or with respect to any one or more of the provisions of any plan or bylaw" is "appeal to the appropriate panel under section 4465 of this title, and the appeal to the Environmental Division from an adverse decision upon such appeal under section 4471 of this title."  Section § 4472(d) goes on to provide that, upon the failure of any interested person to appeal to the appropriate municipal panel under § 4465(a), or to appeal to the environmental court under § 4471, "all interested persons affected shall be bound by that decision or act of that officer, the provisions, or the decisions of the panel, as the case may be," and are barred from subsequently contesting it "either directly or indirectly . . . in any proceeding, including any proceeding brought to enforce this chapter."

¶ 13.    We have interpreted these provisions many times, repeatedly affirming that "§ 4472(a) and (d) are 'two sides of the same coin,' embodying through 'broad and unmistakable language' a legislative intent 'to prevent any kind of collateral attack on a zoning decision that has not been properly appealed through the mechanisms provided by the municipal planning and development statutes.' " In re Hopkins Certificate of Compliance, 2020 VT 47, ¶ 8, 212 Vt. 368, 237 A.3d 661 (quoting City of S. Burlington v. Dep't of Corr., 171 Vt. 587, 588-89, 762 A.2d 1229, 1230 (2000) (mem.)).  As a result, "[w]e strictly enforce" this jurisdictional bar "to require that all zoning contests go through the administrative and appellate review process in a timely fashion." In re Ashline, 2003 VT 30, ¶¶ 10, 18, 175 Vt. 203, 824 A.2d 579 (emphasis added); see In re Musto Wastewater Sys., 2014 VT 103, ¶ 6, 197 Vt. 514, 106 A.3d 929 ("The period to file

6

an appeal is a jurisdictional requirement defined by statute, and failure to file within the stated timeframe results in the court's loss of jurisdiction over the matter."). Indeed, "[o]ur precedent is clear that § 4472 applies even when the unappealed decision or act is incorrect or made without proper authority." Town of Pawlet v. Banyai, 2022 VT 4, ¶ 18, 216 Vt. 189, 274 A.3d 23.

¶ 14.    With this understanding, we turn to 10 V.S.A. § 8504(b)(2)(C). In interpreting the statute's plain language, we are "guided . . . by the Legislature's express statement of . . . policy." Hum. Rts. Def. Ctr. v. Correct Care Sols., LLC, 2021 VT 63, ¶ 11, 215 Vt. 362, 263 A.3d 1260. Section 8504 is part of Title 10, chapter 220, which the Legislature enacted to "consolidate existing appeal routes for municipal zoning and subdivision decisions and acts or decisions of the Secretary of Natural Resources, district environmental coordinators, and District Commissions," and "standardize the appeal periods, the parties who may appeal these acts or decisions, and the ability to stay any act or decision upon appeal, taking into account the nature of the different programs affected." 10 V.S.A. §8501(1), (2). The subsection of § 8504 at issue in this case provides in full:

(b)  Planning and zoning chapter appeals.

(1)  Within 30 days of the date of the act or decision, an interested person, as defined in 24 V.S.A. § 4465, who has participated as defined in 24 V.S.A. § 4471 in the municipal regulatory proceeding under that chapter may appeal to the Environmental Division an act or decision made under that chapter by a board of adjustment, a planning commission, or a development review board; provided, however, that decisions of a development review board under 24 V.S.A. § 4420 with respect to local Act 250 review of municipal impacts are not subject to appeal but shall serve as presumptions under chapter 151 of this title.

(2)  Notwithstanding subdivision (1) of this subsection, an interested person may appeal an act or decision under 24 V.S.A. chapter 117 if the Environmental judge determines that:

(A)  there was a procedural defect that prevented the person from obtaining interested person status or participating in the proceeding;

(B)  the decision being appealed is the grant or denial of interested person status; or

(C)  some other condition exists that would result in manifest injustice if the person's right to appeal was disallowed.

7

10 V.S.A. § 8504(b).

¶ 15. The parties agree that subdivision (1) applies exclusively to appeals to the Environmental Division following a municipal regulatory proceeding. This conclusion is compelled by its plain language, which reiterates three requirements unique to such appeals: the appellant must be an "interested person" who "participated" in the municipal regulatory proceeding and then appealed the resulting decision to the Environmental Division within thirty days. See 10 V.S.A. § 8504(b)(1). In other words, consistent with the Legislature's express statement of policy, subdivision (1) describes the "existing appeal route[]" for appeals to the environmental court under the planning-and-zoning chapter of Title 24 and the Vermont Rules for Environmental Court Proceedings, including the "appeal period[]" and "parties who may appeal." 10 V.S.A. § 8501(1), (2); see 10 V.S.A. § 8504(b)(1); 24 V.S.A. §§ 4465(b), 4471(a); V.R.E.C.P. 5(b)(1).

¶ 16. Subdivision (2) then lays out three circumstances under which "the Environmental judge" may permit an interested person to "appeal an act or decision under 24 V.S.A. chapter 117" "[n]otwithstanding subdivision (1)." 10 V.S.A. § 8504(b)(2). Neighbor argues that the use of a "notwithstanding" clause, coupled with the unqualified reference to an "act or decision under 24 V.S.A. chapter 117," signals that the Legislature intended that subdivision (2) also encompass appeals from the decisions of municipal administrative officers. We conclude that the Legislature's intent is unambiguous: both subdivisions of § 8504(b) apply exclusively to appeals to the Environmental Division following a municipal regulatory proceeding.

¶ 17. Neighbor points to Cisneros v. Alpine Ridge Group, in which the U.S. Supreme Court explained that use of a "notwithstanding" clause denotes an "intention that the provisions of the 'notwithstanding' section override conflicting provisions" of another section. 508 U.S. 10, 18 (1993). It does not follow, however, that the Legislature included such a clause here to override any implication that subdivision (2)—like subdivision (1)—applies only to appeals from a

8

municipal regulatory proceeding to the Environmental Division. Instead, the clause plainly demonstrates that the Legislature anticipated conflicts could arise between the requirements to appeal a municipal panel decision listed in subdivision (1) and the three exceptions enumerated in subdivision (2). For example, subdivision (1) states that only a person who "participated" in the municipal regulatory proceeding within the meaning of 24 V.S.A. § 4471 may appeal, but subdivision (2)(A) allows an appeal where a procedural defect prevented an interested person from "participating in the proceeding"—"[n]otwithstanding subdivision (1)." 10 V.S.A. § 8504(b).

¶ 18. Reading the clause as acknowledging these conflicts and providing for their resolution is entirely consistent with the Legislature's stated purpose to consolidate existing appeal routes and to standardize attendant appeal requirements. See 10 V.S.A. §8501(1), (2). Contrary to neighbor's argument, the "notwithstanding" clause is not an oblique suggestion that subdivision (2) differs in scope as compared with subdivision (1). Instead, it recognizes and provides for resolution of the facial conflicts between these two provisions arising from their shared scope.

¶ 19. It is true that the phrase "an act or decision under 24 V.S.A. chapter 117," standing alone, could be interpreted to encompass the decision of a municipal zoning administrator. "The words of a statute are not to be read in isolation, however," and "[t]his Court will not excerpt a phrase and follow what purports to be its literal reading without considering the provision as a whole." Windham Windsor Hous. Trust, 2024 VT 73, ¶ 5 (quotations omitted). When considered within the context of the entire provision, it is apparent that the Legislature did not intend this language to include the acts or decisions of administrative officers.

¶ 20. First, subdivision (2) expressly calls for "the Environmental judge" to determine whether the appeal of "an act or decision under 24 V.S.A. chapter 117" may proceed. Under chapter 117, the Environmental Division hears appeals from municipal regulatory proceedings, but there is no direct appeal to the Environmental Court from the decision of an administrative officer. 24 V.S.A. §§ 4465(a), 4471(a); see Grout v. Gates, 97 Vt. 434, 448, 124 A. 76, 80 (1924) ("[W]hen a statute limits a thing to be done in a particular manner, or by a prescribed person or

9

tribunal, there is an implication that it shall be done in no other manner, nor by a different person or tribunal."). We must presume that the Legislature inserted the reference to an "Environmental judge" advisedly and did not intend to create surplusage. See In re S. Burlington-Shelburne Highway Project, 174 Vt. 604, 606, 817 A.2d 49, 52 (mem.). Because the decision of an administrative officer cannot be appealed directly to an Environmental judge, the reference to "an act or decision under 24 V.S.A. chapter 117" cannot be read to suggest that the Legislature intended the exceptions at § 8504(b)(2) to apply to such decisions.

¶ 21.    Second, § 8504(c), which governs "[n]otice of the filing of an appeal," expressly provides that "[i]n the case of appeals under 24 V.S.A. chapter 117, notice shall be as required under 24 V.S.A. § 4471." 10 V.S.A. § 8504(c)(3). As noted above, 24 V.S.A. § 4471 applies to appeals from a municipal panel to the Environmental Division, while appeals from the decision of an administrative officer to the municipal panel are separately regulated by 24 V.S.A. § 4465. If the phrase "an act or decision under 24 V.S.A. chapter 117" in 10 V.S.A. § 8504(b)(2) were intended to encompass appeals from administrative officers to municipal panels as well as appeals from municipal panels to the Environmental Division, it would be entirely incongruous for § 8504(c)(3) to then provide that "[i]n the case of appeals under 24 V.S.A. chapter 117," any notice of appeal "shall be as required under 24 V.S.A. § 4471." Thus, § 8504(c)(3) further reinforces our conclusion that the plain language of § 8504(b)(2) refers only to appeals from municipal panels to the Environmental Division.

¶ 22.    The dissent points to 10 V.S.A. § 8503(c), which indicates that chapter 220 "shall govern all appeals arising under 24 V.S.A. chapter 117, the planning and zoning chapter," and contends that this indicates an intent that § 8504(b)(2) apply to all planning-and-zoning appeals, including appeals from an administrative officer to a municipal panel. Post, ¶¶ 39-40. As discussed above, however, the plain language of § 8504 does not support this conclusion. Moreover, § 8503 generally describes the subject matter of decisions that may be appealed under Chapter 220. See, e.g., 10 V.S.A. § 8503(a) (providing that chapter 220 shall govern all appeals

10

from act or decision of Secretary of Natural Resources, "excluding enforcement actions under chapters 201 and 211 of this title"); id. § 8503(b)(1) (providing that Chapter 220 shall govern all appeals from acts or decisions of District Commissions "under chapter 151 of this title, excluding appeals of application fee refund requests"). In this context, the reference to "all appeals arising under 24 V.S.A. chapter 117" expresses the Legislature's intent that each of the various types of appeals that may arise under that chapter be governed by chapter 220 of Title 10. Id. § 8503(c); see 24 V.S.A. § 4473 (explaining that purpose of appeals subchapter within chapter 117 is to provide review "of all questions arising out of or with respect to the implementation by a municipality of this chapter" (emphasis added)); see also, e.g., id. § 4449(a) (governing issuance of permits for development); id. § 4451 (governing bylaw enforcement and penalties); id. § 4464 (governing development-review applications).

¶ 23. Nor can we agree that we must adopt neighbor's reading of subdivision § 8504(b)(2) to harmonize it with 24 V.S.A. § 4472. As neighbor points out, "[l]ongstanding rules of statutory construction counsel that a specific statute dealing with the same subject matter governs over a more general one and that the two provisions must be read together and harmonized if possible." Billewicz v. Town of Fair Haven, 2021 VT 20, ¶ 22, 214 Vt. 511, 254 A.3d 194 (quotation omitted). But we resort to canons of construction only where the Legislature's intent is ambiguous, and the rule neighbor cites is employed only where that ambiguity arises from a facial conflict between two statutes governing the same subject matter. See Billewicz, 2021 VT 20, ¶ 22 (applying canon "to resolve the ambiguity created by the fact that, read individually, the plain language of both the one- and three-year statutes of limitations appear to apply to this action"). For the reasons set forth above, § 8504(b)(2) simply does not apply to appeals from the decision of an administrative officer. As a result, it creates no conflict with the finality provisions for such decisions laid out in § 4472 and there is neither an ambiguity nor any reason to apply this canon of construction.

¶ 24.    Neighbor also cites our decisions in In re Burns Two-Unit Residential Building, 2016 VT 63, 202 Vt. 234, 148 A.3d 568, and In re Fairchild, 159 Vt. 125, 616 A.2d 228 (1992), to argue that this Court has "expressed skepticism that 24 V.S.A. §§ 4465 and 4472 should apply to a decision of an administrative officer finding no violation."  We find no support for this contention in the plain language of the statute or our precedent.

¶ 25.    In Burns, a neighbor submitted a zoning-enforcement complaint to the Burlington Code Enforcement Office alleging that the owners of a nearby residence were converting it from a single-family home to two apartments without a permit.  A city "zoning specialist" responded by letter stating that the Office investigated the complaint and determined that the use was permissible.  No notice was given to other neighboring landowners, and the decision was not appealed.  Later, the owners filed a certificate with the city indicating their intent to modify the configuration of the apartments within the building, and other neighbors sought to challenge the action before the Burlington DRB and, on appeal, the Environmental Division.  The environmental court granted summary judgment to the owners, concluding that § 4472 barred any challenge to the use of the property as a duplex because no interested person timely appealed the zoning specialist's decision to the DRB under § 4465.  We reversed, concluding that the zoning specialist was not an "administrative officer" of the municipality and, as a result, §§ 4465 and 4472 did not apply.  Burns, 2016 VT 63 ¶¶ 12-16.  In so holding, we did not address the neighbor's argument that preventing an appeal in the absence of actual or constructive notice of the zoning specialist's determination would violate their due-process rights.  Id. ¶ 10.  While we did not reach the question of whether such deficiency would equate to a due-process violation, we noted that it was "a strong reason not to adopt a broad reading of § 4472(d) in this case."  Id. ¶ 14.

¶ 26.    Here, however, neighbor had actual notice of the zoning administrator's decision.  More to the point, he has identified no ambiguity in § 4472 which would call for us to weigh related due-process principles in determining its scope as we did in Burns.  2016 VT 63 ¶¶ 12-16.  To the contrary, the language of § 4472 unambiguously encompasses nonenforcement decisions

12

by specifying that appeal pursuant to § 4465 is "the exclusive remedy of an interested person with respect to <u>any decision or act taken, or any failure to act</u>, under this chapter or with respect to any one or more of the provisions of any plan or bylaw." 24 V.S.A. § 4472(a) (emphasis added).

¶ 27. "The policy underlying [§ 4472] is evident: 'that there should, in fairness, come a time when the decisions of an administrative officer become final so that a person may proceed with assurance instead of peril.' " <u>Levy v. Town of St. Albans Zoning Bd. of Adjustment</u>, 152 Vt. 139, 142, 564 A.2d 1361, 1363 (1989) (quoting <u>Graves v. Town of Waitsfield</u>, 130 Vt. 292, 295, 292 A.2d 247, 249 (1972)). If nonenforcement decisions were not entitled to this same finality, a landowner who persisted in the challenged activity would be forever in peril of penalty under 24 V.S.A. § 4451, which "authorizes a maximum fine of $200 per violation with each day the violation continues counting as a new violation." <u>Town of Pawlet</u>, 2022 VT 4, ¶ 30. <u>Burns</u> offers no support for the conclusion that the Legislature intended such an anomalous result.

¶ 28. <u>Fairchild</u> also does not suggest that concerns for finality in municipal zoning are any less salient as applied to nonenforcement decisions. In that case, a town board of adjustment granted the property owners a conditional-use permit but, on appeal, the trial court reversed that decision because the proposed use did not conform to the town zoning regulations. The owners nonetheless went forward with the project and the town's zoning administrator disregarded the neighbors' subsequent requests to enforce the zoning regulations. The neighbors obtained relief in the form of mandamus requiring the town to enjoin the owners from using the property in violation of the town's regulations. We affirmed, concluding that mandamus was warranted since the property was developed in violation of a court order, the writ sought enforcement of ministerial duties, and there was no other adequate remedy at law. <u>Fairchild</u>, 159 Vt. at 130-31, 616 A.2d at 231 (explaining that mandamus is available only where petitioner has clear and certain right to action sought, which must be enforcement of ministerial duties, and no other adequate remedy at law). We rejected the town's argument that the neighbors were not entitled to the writ because they did not appeal the zoning administrator's refusal to act to the board under 24 V.S.A. §§ 4472

13

and 4464. Id. at 131-32, 616 A.2d at 231-32. We explained the neighbors had already "avail[ed] themselves of § 4472 remedies only to find that the Town refused to enforce their court order" and held that although the neighbors "must exhaust their administrative remedies, they do not have to do so twice." Id. at 132, 616 A.2d at 232.

¶ 29. Unlike the neighbors in Fairchild, neighbor here did not pursue a timely appeal through the process set forth in the statute only to face a municipality's refusal to enforce the order thus obtained. As we stated in Burns, "Fairchild is not a definitive ruling that §§ 4465(a) and 4472(d) do not apply to a decision of a zoning administrator finding no zoning violation." Burns, 2016 VT 63, ¶ 14. Rather, it illustrates reluctance to apply a broad preclusion rule in a manner that would "require the exercise of a fruitless and duplicate appeal to require the zoning administrator to perform his ministerial duty." Fairchild, 159 Vt. at 132, 616 A.2d at 232; see Burns, 2016 VT 63, ¶ 14. That is simply not the situation confronting us today.

¶ 30. Section 4472 is "a procedural mandate passed by the Legislature requiring all interested parties to bring any appeal through the proper administrative mechanisms" by barring "interested parties from collaterally challenging a zoning administrator's decision once the appeal period has passed." Town of Pawlet, 2022 VT 4, ¶ 20. Here, § 4472 left the court without jurisdiction to allow neighbor's untimely challenge to the zoning administrator's decision. See Town of Charlotte v. Richmond, 158 Vt. 354, 357-58, 609 A.2d 638, 640 (1992) ("24 V.S.A. § 4472 expressly deprives the superior court of subject matter jurisdiction when a timely appeal is not taken to the board of adjustment."). As we recently explained, in the absence of an applicable exception, the jurisdictional limitations set forth in § 4472 are determinative. See 2078 Jersey St., 2024 VT 20, ¶ 22. For the reasons discussed above, the exception set forth at 10 V.S.A. § 8504(b)(2)(C) does not apply to neighbor's appeal.

¶ 31. Neighbor argues that if this is so, and no "other implied equitable tolling" is available, then he is left without redress. To the extent he thus suggests that we should alternatively consider whether any equitable remedy saves his appeal, he failed to preserve this argument for

14

our review because he did not raise it below. See <u>Doe v. Camacho</u>, 2024 VT 72, ¶ 40, __ Vt. __, 329 A.3d 156 (declining to reach equitable-tolling argument as not preserved for review where not presented below " 'with specificity and clarity in a manner which gives the trial court a fair opportunity to rule on it.' " (quoting <u>State v. Ben-Mont Corp.</u>, 163 Vt. 53, 61, 652 A.2d 1004, 1009 (1994)).

¶ 32.     This brings us, however, to a final point.  In reaching this conclusion, we by no means recede from the principle expressed in <u>In re Langlois/Novicki Variance Denial</u> and relied on by the Environmental Division in its decision.  We explained in that case that "citizens should not be charged with knowing local regulations better than government officials charged with administering them," and where "a government official charged with administering zoning regulations provides inaccurate advice, we will not assume that the citizen was nevertheless aware of the actual legal requirements."  2017 VT 76, ¶ 23.  As neighbor observes, we similarly stated in <u>In re McDonalds Corporation</u> that just as citizens "must turn square corners when they deal with the Government," the government "should be held to a similar standard when dealing with its citizens."  146 Vt. 380, 386, 505 A.2d 1202, 1205 (1985) (quotation omitted).  But in both cases, we made these statements in evaluating a litigant's effort to equitably estop the state.  See <u>Langlois/Novicki Variance</u>, 2017 VT 76, ¶ 12; <u>McDonalds Corp.</u>, 146 Vt. at 383, 505 A.2d at 1203-04.  Under that analysis, a court must consider whether the government knew the relevant facts and intended that its conduct be acted upon, whether the party asserting estoppel was ignorant of the true facts and relied to their detriment on the government's representations, and whether "the injustice that would result from denying the estoppel outweighs the negative impact on public policy that would result from applying estoppel."  <u>Langlois/Novicki Variance</u>, 2017 VT 76, ¶ 13 (quotation omitted).  Here, however, neighbor argued only that § 8504(b)(2)(C) saved his appeal.  That statute plainly does not apply, and neighbor offered no alternative argument under which the court could bring these equitable considerations to bear.  As a result, we do not, as the dissent

15

suggests, hold that neighbor is without other remedy. Post, ¶ 47. We conclude only that the sole remedy he sought to invoke here is not available to him.

Reversed.

FOR THE COURT:

_____

Chief Justice

¶ 33. **CARROLL, J., dissenting.** In my view, subdivision (2) of 10 V.S.A. § 8504(b) is not limited to appeals from municipal regulatory proceedings. The plain language of § 8504(b)(2) makes subdivision (2) applicable to all appeals within 24 V.S.A. chapter 117, including appeals from acts or decisions of administrative officers. To hold otherwise would result in manifest injustice. Accordingly, I would affirm the Environmental Division's decision and permit neighbor's appeal to proceed before the development review board. I therefore respectfully dissent.

¶ 34. In construing a statute, our ultimate goal "is to effectuate the Legislature's intent." T.C. v. L.D., 2020 VT 19, ¶ 4, 211 Vt. 582, 229 A.3d 77 (quotation omitted). To do so, we start by examining the plain language of the statute because "[w]e presume that this language was drafted advisedly, and that the plain, ordinary meaning of the language used was intended." Id. (alteration and quotation omitted).

¶ 35. As the majority acknowledges, there is no dispute that § 8504(b)(1) only applies to appeals from municipal panel proceedings. Ante, ¶ 15. I agree the plain language of subdivision (1) allows "an interested person, as defined in 24 V.S.A. § 4465" to appeal an act or decision from a municipal regulatory proceeding to the Environmental Division within thirty days of that decision. See 10 V.S.A. § 8504(b)(1).

¶ 36. Subdivision (2) then states, "notwithstanding subdivision (1)," "an interested person may appeal an act or decision under 24 V.S.A. chapter 117" if there was a procedural defect,

16

the decision being appealed is the grant or denial of interested person status, or manifest injustice would result if the appeal was not allowed. 10 V.S.A. § 8504(b)(2). The use of a "notwithstanding" clause dictates a clear intention "that the provisions of the 'notwithstanding' section override conflicting provisions of [another] section." Cisneros v. Alpine Ridge Grp., 508 U.S. 10, 18 (1993). By using the phrase "notwithstanding subdivision (1)," the Legislature could not have been more explicit in its intent to override any conflicts between subdivision (1) and subdivision (2). See State v. Lynch, 137 Vt. 607, 611, 409 A.2d 1001, 1004 (1979) ("The phrase 'notwithstanding any other provision of law' clearly indicates the legislative intent that [the statute] take precedence over any other enactment dealing with the same subject matter. It is difficult to perceive how the [L]egislature could have more clearly expressed its intention to supersede prior enactments except by the use of express words of repeal." (alteration omitted) (citation omitted)). Accordingly, regardless of the scope of subdivision (1), subdivision (2) applies to all appeals under 24 V.S.A. chapter 117, not just appeals from decisions made by boards of adjustment, planning commissions, or development review boards.

¶ 37. Chapter 117 of title 24, titled "Municipal and Regional Planning and Development," encompasses different types of appeals: under § 4465, "[a]n interested person may appeal any decision or act taken by the administrative officer" to "the board of adjustment or development review board"; and under § 4471, "[a]n interested person who has participated in a municipal regulatory proceeding . . . may appeal a decision rendered in that proceeding . . . to the Environmental Division." Here, § 8504(b)(2) expressly provides that if the Environmental Division determines that certain conditions exist, an interested person may still appeal "an act or decision under 24 V.S.A. chapter 117." In my view, the Legislature's choice to directly reference the entirety of chapter 117, rather than limiting the applicability of subdivision (2) to appeal under § 4471, strongly indicates the Legislature's intent that subdivision (2) apply more broadly, "notwithstanding" anything in subdivision (1). Had the Legislature intended § 8504(b)(2) apply only to appeals from municipal regulatory proceedings, it could have done so. See Vt. State Colls.

17

Fac. Fed'n v. Vt. State Colls., 138 Vt. 451, 455, 418 A.2d 34, 37 (1980) ("Presumably, th[e] language was inserted advisedly, and with intent that it should be given meaning and force.").

¶ 38. The use of the term "[E]nvironmental judge" in subdivision (2) does not limit the applicability of the subdivision to an act or decision under 24 V.S.A. § 4471. Even though § 4471 designates appeals from municipal regulatory proceedings to the Environmental Division, § 8504(b)(2) permits the Environmental Division to address certain appealability issues of all appeals under chapter 117. Section 8504(b)(2) directs the Environmental Division to determine if such appealability issues exist, and, if so, the Environmental Division may allow an appeal to proceed in the appropriate process as otherwise dictated by the planning and zoning chapter. And that is exactly what occurred here. When the Environmental Division determined manifest injustice would result if neighbor's right to appeal would be disallowed, the case was remanded to the developmental review board.

¶ 39. Accordingly, the plain language does not conflict with the statement of policy set forth in 10 V.S.A. § 8501, which states that the purpose of the chapter is to "consolidate existing appeal routes for municipal zoning and subdivision decisions." While I agree with the majority that an express statement of policy is strong evidence of Legislative intent, Hum. Rts. Def. Ctr. v. Correct Care Sols., LLC, 2021 VT 63, ¶ 11, 215 Vt. 362, 263 A.3d 1260, nothing in the statement of policy here conflicts with the plain meaning of subdivision (2). An appeal of an act or decision of an administrative officer to a municipal panel is an existing appeal route under chapter 117. 24 V.S.A. § 4465. Further, chapter 220 "govern[s] all appeals arising under 24 V.S.A. chapter 117, the planning and zoning chapter." 10 V.S.A. § 8503(c) (emphasis added); see also id. § 8504(b) (titled "Planning and zoning chapter appeals").

¶ 40. The majority's construction is both at odds with the words chosen by the Legislature and renders the language "an act or decision under 24 V.S.A. chapter 117" in subdivision (2) superfluous. See In re Mountain Top Inn & Resort, 2020 VT 57, ¶ 37, 212 Vt. 554, 238 A.3d 637 ("We consider the whole and every party of the statute and avoid a construction

that would render part of the statutory language superfluous." (citation omitted) (quotations omitted)). We must give effect to the Legislature's intent that § 8504(b)(2) apply to all appeals in chapter 117.

¶ 41. I recognize that applying § 8504(b)(2)(C) in this case would allow an otherwise untimely appeal to proceed. As consistently acknowledged by this Court, 24 V.S.A. § 4472 represents the Legislature's policy choice in favor of finality in zoning decisions. See In re Hopkins Certificate of Compliance, 2020 VT 47, ¶ 8, 212 Vt. 368, 237 A.3d 661; City of S. Burlington v. Dep't of Corrs., 171 Vt. 587, 588-89, 762 A.2d 1229, 1230 (2000) (mem.). However, in enacting § 8504(b)(2)(C) the Legislature has chosen to make a limited exception to that requirement when fairness demands it. See In re 2078 Jersey St. CU Reconsideration Denial, 2024 VT 20, ¶ 22, __ Vt. __, 316 A.3d 248 (holding because of Legislature's unambiguous "policy choice in favor of finality, § 4472 is determinative absent "specific rules adopted by . . . the Legislature")

¶ 42. Landowners argue that adopting such an interpretation "leads to a slippery slope that would eviscerate the goal of finality." As the majority acknowledges, ante ¶ 27, "[t]he policy underlying [finality] is evident: that there should, in fairness, come a time when the decisions of an administrative officer become final so that a person may proceed with assurance instead of peril." Levy v. Town of St. Albans Zoning Bd. Of Adjustment, 152 Vt. 139, 142, 564 A.2d 1361, 1363 (1972) (quotation omitted). Regardless, § 8504(b)(2) is an express exception to the finality provision that I would conclude is applicable to appeals from administrative officers. 2078 Jersey Street, 2024 VT 20, ¶ 22. The Legislature has clearly contemplated that circumstances could arise, such as the one we are confronted with here, in which it would be appropriate to allow an untimely appeal to proceed in the interest of fairness. Given the plain language of the statute at issue, we must effectuate that intent. See Sirloin Saloon of Shelburne, Rutland, & Manchester, Inc. v. Dep't

19

of Empl. & Training, 151 Vt. 123, 129, 558 A.2d 226, 229 (1989) ("[T]he policy issue is for the legislature, not this Court, where as here the statute is plain on its face.").[4]

¶ 43.   Thus, I would hold that § 8504(b)(2)(C) applies to neighbor's appeal from an administrative officer's nonenforcement decision and reach the issue of whether the Environmental Division erred in determining that manifest injustice would result if neighbor's appeal was not allowed to proceed.  In my view, the Environmental Division correctly held that it would be fundamentally unfair to dismiss neighbor's appeal as untimely when he received and relied on incorrect advice from the administrative officer about his right to appeal.

¶ 44.   We review the Environmental Division's determination for abuse of discretion.  In re MDY Taxes, Inc., 2015 VT 65, ¶¶ 7, 14, 199 Vt. 248, 123 A.3d 1184.  "To support a claim of error there must be a showing that the court failed to exercise its discretion, or exercised it for reasons clearly untenable or to an extent clearly unreasonable."  State v. Savo, 141 Vt. 203, 208, 446 A.2d 786, 789 (1982).

¶ 45.   We have yet to precisely define the bounds of "manifest injustice" under 10 V.S.A. § 8504(b)(2)(c).  MDY Taxes, Inc., 2015 VT 65, ¶ 15 (recognizing manifest injustice is considered an "exacting and strict standard" in other contexts); see also In re Hignite, 2003 VT 111, ¶ 8, 176 Vt. 562, 844 A.2d 735 (mem.) ("[T]he question remains whether due process or fundamental administrative fairness requires that a party deprived of notice of a zoning permit be allowed to contest the permit, notwithstanding the strong policy interests in finality.").  However, I think the circumstances presented here would surely fit within any bounds the Court could possibly define. See, e.g., Vahlteich v. Knott, 139 Vt. 588, 590-91, 433 A.2d 287, 288-89 (1981) (remanding "to

---

[4]   If I were to conclude that the language is ambiguous, then I would apply the canon of construction that "counsel[s] that a specific statute dealing with the same subject matter governs over a more general one and that the two provisions must be read together and harmonized if possible."  Billewicz v. Town of Fair Haven, 2021 VT 20, ¶ 22, 214 Vt. 511, 254 A.3d 194 (quotation omitted); see also In re Snyder Group, Inc., 2020 VT 15, ¶ 14, 212 Vt. 168, 233 A.3d 1077.  As such, § 8504(b)(2) would govern as the more specific provision.

prevent a failure of justice" when self-represented co-defendant mistakenly believed answer filed by other defendant, his daughter, was sufficient); cf. MDY Taxes, Inc., 2015 VT 65, ¶ 15 (concluding appellants "failed to demonstrate . . . any injustice, let alone manifest injustice" when development review board provided statutorily required notice and appellants failed to participate in proceeding (emphasis omitted)).

¶ 46.   The undisputed facts show that neighbor was provided inaccurate information about his right to appeal by the administrative officer and acted and relied upon such misinformation.  He followed the instructions provided to him: he filed his notice of appeal in the Environmental Division twenty-nine days after the administrative officer issued its nonenforcement decision and mailed a copy of the notice to the Town of Monkton.  While landowners argue, and the majority agrees, ante, ¶ 4, that had neighbor sought more information he would have learned about the fifteen-day deadline, "[w]e have recognized that citizens should not be charged with knowing local regulations better than government officials charged with administering them" and when "a government official charged with administering zoning regulations provides inaccurate advice, we will not assume that the citizen was nevertheless aware of the actual legal requirements." In re Langlois/Novicki Variance Denial, 2017 VT 76, ¶¶ 21-23, 205 Vt. 340, 175 A.3d 1222 (addressing elements of equitable estoppel doctrine against the government" and whether landowner had knowledge of the true facts "despite [zoning administrators" multiple assurances to the contrary).

¶ 47.   It would be fundamentally unfair for us to expect neighbor, who was self-represented at the time, to have sought more information about the correct deadline when the government official who presumably understood the requirements provided him the advice.  See In re Lyon, 2005 VT 63, ¶ 21,178 Vt. 232, 882 A.2d 1143 (addressing equitable estoppel against government agency and recognizing that generally "ignorance of the law would not excuse failure to comply with its requirements . . . it would be manifestly unfair to charge permit applicants with the responsibility of correctly interpreting and enforcing the applicable legal provisions in the face

21

of advice to the contrary from the responsible government agency"); <u>Vahlteich</u>, 139 Vt. at 590-91, 433 A.2d at 288-89 (recognizing that while pro se litigants "are bound by the ordinary rules of civil procedure" we "will not permit unfair imposition or unconscionable advantage to be taken of one who acts as his own attorney" (quotation omitted)). There is nothing in the notice that would prompt neighbor to question the advice about his right to appeal the decision when that advice is printed on the decision itself. To hold otherwise would mean that neighbor would have no other remedy in relying on such misleading information. Accordingly, I see no abuse of discretion here and would thus affirm the Environmental Division's decision and allow neighbor's appeal to proceed before the development review board.

¶ 48.    I therefore respectfully dissent.


_____

Associate Justice