VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 25-ENV-00129



| MSFE, LLC Administrative Officer Appeal |
|---|

## ENTRY REGARDING MOTIONS

Title:          Motion to Dismiss (Motion: #1)

Filer:          Leslie A. Cadwell, Esq.

Filed Date:     January 19, 2026

Memorandum in Opposition to Motion filed by Kevin E. Brown, Esq., attorney for MSFE, LLC, on February 24, 2026.

Reply to Memorandum in Opposition to Motion filed by Leslie A. Cadwell, Esq. on March 3, 2026.

Surreply filed by Kevin E. Brown, Esq. on March 18, 2026.

The motion is **GRANTED.**

This matter involves an appeal by MSFE, LLC (Appellant) from a December 2, 2025 decision of the Town of Panton (Town) Development Review Board (DRB) upholding a notice of violation (NOV), dated May 20, 2025, issued by the Town's Administrative Officer to Appellant. The NOV relates to construction of a half basketball court and hoop on a 1.92-acre property located at 404 Staton Drive in the Town (the Property), owned by Appellant. The Town alleges that Appellant has constructed the court and hoop in violation of Town zoning ordinances related to setbacks. Appellant is represented by Attorney Kevin Brown. The Town is represented by Attorney Leslie Cadwell.

The Town has moved to dismiss Appellant's appeal for lack of subject matter jurisdiction pursuant to V.R.C.P. 12(b)(1) and 24 V.S.A. § 4472(d). The Town asserts that the present appeal constitutes a collateral attack on an unappealed 2021 decision of the Administrative Officer denying a zoning permit application for a substantially similar proposal to construct a half basketball court on the Property. Appellant has opposed the motion. For the reasons discussed herein, the motion is **GRANTED**.

Vermont Rule of Civil Procedure (V.R.C.P.) 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. 24 V.S.A. § 4472 expressly deprives this Court of subject matter

jurisdiction when a timely appeal is not taken to the appropriate municipal panel. 24 V.S.A. § 4472(a), (d); Town of Charlotte v. Richmond, 158 Vt. 354, 357–58 (1992). When reviewing such a motion, this Court accepts all uncontroverted factual allegations as true and construes them in the light most favorable to the nonmoving party. Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245. In ruling upon a V.R.C.P. 12(b)(1) motion, a "court may consider evidence outside the pleadings." Conley v. Crisafulli, 2010 VT 38, ¶ 3, 188 Vt. 11.

The procedural and factual history leading up to this NOV appeal is relevant to the pending motion.[1] The Property is owned by Appellant, a limited liability company, and Armando Martinez is Appellant's member/manager. The Property is developed with a residence, a garage and a shed. A paved driveway provides access to the Property from Staton Drive, a private gravel road that extends to Lake Street, a public highway. The Property is in the Town's Residential Agricultural (RA-10) zoning district as that term is defined by the Town of Panton Zoning Regulations (the Regulations).

In January 2021, Appellant submitted an application (21-001) to the Town proposing to: "Construct a half basketball court near the south west [sic] corner of the property parallel to Staton Drive. The Court will be 34' x 50' and be paved with a basketball hoop permanently installed." The application was signed by Tyler Mayard (as applicant) and Mr. Martinez (as landowner). On January 21, 2021, the Town's Administrative Officer, David Martini, issued a decision concluding that the application did not meet the requirements of the Regulations and was denied because the "proposed court and hoop are within setback minimums" (hereinafter the 2021 Permit Decision). The 2021 Permit Decision contained language expressly stating that "[a]n interested person may appeal any decision of the Administrative Officer within 15 days of the date of such decision." Appellant did not appeal the 2021 Permit Decision.

In 2025, following receipt of a wastewater system and potable water supply permit from the Vermont Agency of Natural Resources, Appellant constructed an asphalt basketball court and hoop in the southwest corner of the Property parallel to Staton Drive.[2] The basketball court and hoop are located within 90 feet of the centerline of Staton Drive and a portion of the court (consisting of slightly

---

[1] In evaluating the pending motion, the Court has reviewed exhibits on file both in this case and in Docket No. 26-ENV-00009, a zoning enforcement action commenced by the Town against Appellant for the violation alleged in the NOV. The Court has coordinated the pending appeal with that case. For example, the Court reviewed the May 20, 2025 NOV, which was filed in Docket No. 26-ENV-00009, but not in Docket No. 25-ENV-00129. The parties discuss the NOV in relation to the pending motions such that reference to the NOV filed in the enforcement docket is appropriate for complete review in this case. The complaint in Docket No. 26-ENV-00009 was filed on January 22, 2026. No answer has been filed to date.

[2] The Court understands that the as-built court is also intended for pickleball.

more than half) and the hoop are located within 50 feet of Appellant's westerly side property line. On May 20, 2025, the Administrative Officer issued the NOV, addressed to Appellant's attorney, indicating, in part, that "[t]he location of the 64' x 34' basketball court and associated Structures do not comply with the Front Yard minimum 90 feet and the Side Yard 50 feet minimum setback requirements. Additionally, you have a play structure which also is in violation of the setback requirements. While these improvements do not require a zoning permit, they must conform to existing zoning regulations for RA-10 District per Article III, Section 301 of the Zoning Regulations." Appellant appealed the NOV to the DRB.

In October and November 2025, the DRB held a public hearing and site visit in connection with Appellant's appeal. In connection with that process, an as-built site plan of the basketball court and hoop (among other elements of the Property) was prepared by a Vermont licensed surveyor. The as-built site plan depicts boundaries and setback distances, but it does not indicate the exact dimensions of the as-built basketball court.[3]

On December 2, 2025, the DRB issued a decision denying Appellant's appeal of the NOV, concluding, pursuant to 25 V.S.A. § 4472(d), that Appellant's failure to appeal the 2021 Permit Decision precluded Appellant's appeal of the NOV "for the as-built basketball court's non-compliance with Section 301 and the applicable mandatory setbacks" and further precluded the DRB from reconsidering the 2021 Permit Decision. The DRB also concluded that even if Appellant was not statutorily barred from challenging the NOV pursuant to § 4472, "the basketball court and hoop are within the scope of Section 301 of Panton's Zoning Regulations and must meet the mandatory setbacks for the 404 Staton Drive property." In reaching this conclusion, the DRB also considered, and rejected, Appellant's argument that the basketball court and hoop are a de minimis recreational use of private property and, therefore, not subject to zoning regulation. Appellant timely appealed the DRB's decision to this Court.

<strong><u>Discussion</u></strong>

The fundamental issue in this case is whether Appellant is statutorily precluded from challenging the NOV because of its failure to appeal the 2021 Permit Decision denying the application to construct the proposed basketball court and hoop for failure to comply with setback minimums. Put differently, the question is whether this Court has subject matter jurisdiction to entertain

---

[3] The DRB decision states that the as-built court is 50' x 64', based on testimony at the hearing.

Appellant's appeal of the NOV, notwithstanding the exclusivity of remedy and finality provisions of 24 V.S.A. § 4472(a) and (d).

Under 24 V.S.A. § 4465(a), an "interested person may appeal any decision or act taken by the administrative officer in any municipality" by filing a notice of appeal to the municipality's board of adjustment or development review board "within 15 days following the date of that decision or act."[4] The decision of that municipal board may, in turn, be appealed by filing a notice of appeal with this Court within thirty days. See 24 V.S.A. § 4471(a); V.R.E.C.P. 5(b)(1).

Under 24 V.S.A. § 4472(a) this appeal route constitutes "the exclusive remedy of an interested person with respect to any decision or act taken, or any failure to act, under . . . [Chapter 117 of Title 24] or with respect to any one or more of the provisions of any plan or bylaw." In addition, § 4472(d) provides that, upon the failure of any interested person to appeal to the appropriate municipal panel under § 4465(a), or to appeal to the environmental court under § 4471, "all interested persons affected shall be bound by that decision or act of that officer, the provisions, or the decisions of the panel, as the case may be," and are barred from subsequently contesting it "either directly or indirectly . . . in any proceeding, including any proceeding brought to enforce this chapter." 24 V.S.A. § 4472(d). Thus, in the absence of a timely appeal, interested persons are bound by decisions of the administrative officer or board. Id.; In re Guillemette ZA Determination Appeal, 2025 VT 25, ¶ 12; Levy v. Town of St. Albans Zoning Bd. of Adjustment, 152 Vt. 139, 142 (1989). The exclusivity of the remedy applies "even where it is alleged that the unappealed decision was ultra vires, otherwise erroneous, or even void ab initio." In re Hopkins Cert. of Compliance, No. 108-10-18 Vtec, slip op. at 4 (Vt. Super. Ct. Envtl. Div. June 20, 2019) (Durkin, J.) (citation omitted).

Our Supreme Court has interpreted the above-referenced provisions many times, repeatedly affirming that "§ 4472(a) and (d) are 'two sides of the same coin,' embodying through 'broad and unmistakable language' a legislative intent 'to prevent any kind of collateral attack on a zoning decision that has not been properly appealed through the mechanisms provided by the municipal planning and development statutes.' " In re Hopkins Cert. of Compliance, 2020 VT 47, ¶ 8 (quoting City of S. Burlington v. Dep't of Corr., 171 Vt. 587, 588-89 (2000) (mem.)). In other words, § 4472 is "a procedural mandate passed by the Legislature requiring all interested parties to bring any appeal through the proper administrative mechanisms" by barring "interested parties from collaterally

---

[4] Appellant is an interested person pursuant to 24 V.S.A. § 4465(b)(1), which includes: "A person owning title to property . . . affected by a bylaw, who alleges that the bylaw imposes on the property unreasonable or inappropriate restrictions of present or potential use under the particular circumstances of the case."

challenging a zoning administrator's decision once the appeal period has passed." Town of Pawlet v. Banyai, 2022 VT 4, ¶ 20.

In this case, it is undisputed that in January 2021 Appellant submitted a zoning permit application to the Town to construct a paved 34' x 50' basketball court and permanent hoop in the southwest corner of the Property parallel to Staton Drive. That application was denied for failure to meet setback minimums and was not appealed. Therefore, pursuant to 24 V.S.A. § 4472(a) and (d), and the Supreme Court's precedent, that denial cannot be challenged or collaterally attacked directly or indirectly in this NOV appeal. This is true even if the basketball court and hoop are arguably not subject to the Regulations as a de minims recreational use of private property. See Brewster River Mountain Bike Club, Inc., 2025 VT 4, ¶ 6–8 (citing to and discussing In re Scheiber, 168 Vt. 534 (1998) and In re Laberge Moto-Cross Track, 2011 VT 1). If Appellant wished to assert that claim, it was obligated to appeal the initial denial to the DRB.

Alternatively, if Appellant believed that it was not subject to local zoning, it could have constructed the basketball court without a permit. If the Administrative Officer issued a NOV or pursued injunctive relief, Appellant could have appealed that determination in the manner set forth in Chapter 117 and/or defended on the grounds that the basketball court was exempt from regulation and the Town had no authority over it. This is not the course of action Appellant pursued. Instead, Appellant applied for a zoning permit and received a denial. At that time, it could have appealed the denial to the DRB and argued the many assertions that it now raises in the pending appeal. This includes—among other things—that the project was exempt from regulation as a de minimis recreational use, that the Regulations were unenforceable or unduly vague, that the basketball court does not qualify as a structure and/or that the setbacks in the Regulations do not apply to it.

Having applied for a zoning permit, however, Appellant was statutorily obligated to appeal that permit to avoid the preclusive effect of the zoning administrator's decision relative to compliance with setback requirements. In other words, even though in this case a zoning permit application may have been gratuitous since the Town arguably did not have jurisdiction over the project, once the application was submitted, acted on by the Administrative Officer, and not appealed, it became final and binding under 24 V.S.A. § 4472(a) and (d); it cannot be challenged directly or indirectly at this time. See City of S. Burlington, 171 Vt. 587, 590-91 (2000) (citing and discussing In re Denio, 158 Vt. 230 (1992)).

The case at bar is analogous to that of City of S. Burlington. In that matter, a state agency applied for site plan approval for an addition to a state-owned facility. The ultimate approval included

a condition on the proposed project that was not appealed. 171 Vt. at 588. Seven years later, the municipality commenced an enforcement action seeking to enjoin the agency from using the facility in violation of the condition. Id. After the agency moved to dismiss the action, the trial court granted the motion based on a claim of sovereign immunity. Id. On appeal, the municipality argued that 24 V.S.A. § 4472 barred the agency from challenging the municipality's authority to impose the condition because the agency did not appeal the decision. Id. The Vermont Supreme Court agreed, holding that § 4472 applies even where the decision below is ultra vires or void ab initio, or where the administrative officer lacked authority to issue a permit. Id. at 589 (citing Levy, 152 Vt. 139, 142-43 (1989); Graves v. Town of Waitsfield, 130 Vt. 292, 295 (1972).

With specific reference to the agency's sovereign immunity argument, the Vermont Supreme Court stated that "[r]equiring preservation, even of jurisdictional issues such as sovereign immunity, is in keeping not only with the policy underlying § 4472, but with our decision in In re Denio."[5] Id. at 590 (citation omitted). In furtherance of this analysis, the Supreme Court stated:

> In Denio, landowners had submitted themselves to the permitting process under Act 250 and received a permit for their proposed subdivision but objected to conditions imposed by the Environmental Board. On appeal, they raised for the first time the claim that the Board lacked subject-matter jurisdiction over them. Like the Department's sovereign immunity argument here, the Denios argued that subject-matter jurisdiction may be raised at any time. We rejected that argument based on the strong legislative policy requiring preservation and held that the Denios were barred from raising subject-matter jurisdiction by their failure to preserve the issue below.

Id. Similar to Denio, the agency had applied for site plan approval and received it, choosing not to appeal the imposed condition "despite § 4472's requirement that *any* interested party must appeal or forfeit its right to challenge zoning decisions." Id. at 591 (emphasis in original). This is true even if the authority to issue the unappealed decision is challenged. Id. Therefore, the agency was barred from challenging the validity of the condition in the subsequent enforcement action.

Here, as in Denio and, more on point, City of S. Burlington, Appellant submitted itself to the permitting process and, as in those cases, Appellant had a legal obligation to timely raise and preserve jurisdictional issues. Upon receiving an adverse decision from the zoning administrator, however, Appellant did not appeal that decision to the DRB. To the extent that Appellant claims that its failure to appeal did not result in a "waiver" of its right to raise the lack of subject matter jurisdiction as a

---

[5] The agency had argued on appeal that it had no need to appeal the site plan approval because it knew the condition was unenforceable due to its sovereign immunity. Id. at 590.

defense in this case, the Court disagrees for the same reasons set forth in City of S. Burlington. The consequence of the decision not to appeal is that the denial decision became final and unappealable, as discussed herein. It cannot be collaterally attacked—directly or indirectly—at this time. This would be the case even if the original application was not necessary, the Town lacked jurisdictional authority to regulate the basketball court, the Regulations were/are vague or illogical and/or the Administrative Officer erred in concluding that the basketball court was subject to and did not meet setback requirements.[6] Appellant's various arguments in this case, including its argument that the basketball court is a de minimis recreational use of residential property over which the Town lacked jurisdiction and that the setback standards in the regulations do not apply to the basketball court, constitute collateral attacks on the unappealed 2021 permit denial that are barred by § 4472. Accordingly, the Town's Motion to Dismiss is **GRANTED.**

In response to the Town's reply memorandum in this case, Appellant moved to file a surreply. The Court has discretion to allow a surreply pursuant to pursuant to V.R.C.P. 7(b)(4) if it would assist in clarifying the issues. The Court **GRANTS** Appellant's Motion for Leave to File Surreply; that filing has been reviewed and considered in connection with this decision.[7]

The Court will schedule a status conference to discuss how best to proceed with the coordinated zoning enforcement action, Docket No. 26-ENV-00009.

Electronically signed on April 2, 2026, pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division

---

[6] To be clear, the Court does have concerns regarding the correctness of the 2021 Permit Decision, including whether this project ever should have been subject to zoning regulation and with certain elements of the Regulations, (including with § 301 and the definition of "structure.") Those concerns are better addressed in the context of Docket No. 26-ENV-00009, the zoning enforcement action.

[7] Appellant asserts in its surreply that this Court must resolve the "central factual issue" of whether "the RA-10 zoning district has mandatory front and side setbacks of ninety feet and fifty feet respectively" in the procedural context of a motion to dismiss for lack of subject matter jurisdiction. However, the interpretation of zoning regulations is primarily a question of law. In re Confluence Behavioral Health, LLC, 2017 VT 112, ¶ 17. Moreover, the issue of whether setback requirements apply in this case should have been raised in an appeal of the 2021 Permit Decision to the DRB and then to this Court, as discussed above. Absent such an appeal, any determination of that issue would constitute an unauthorized advisory opinion. In re Snowstone LLC Stormwater Discharge Authorization, 2021 VT 36, ¶ 28 ("Courts are not authorized to issue advisory opinions because they exceed the constitutional mandate to decide only actual cases and controversies.").