VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org



Docket No. 25-ENV-00059

| Standish v. French, et al. |
| --- |

## ENTRY REGARDING MOTION

Motion:     Respondents' Motion to Dismiss (Motion #4); Town of Troy's Motion to Dismiss
(Motion #5)

Filers:     William F. Grigas, Esq.; Beriah C. Smith, Esq.

Filed date:     September 19, 2025; October 15, 2025

Plaintiff's Corrected Opposition, filed October 27, 2025, filed by Sarah Standish, pro se

**The motions are DENIED.**

This case is a mandamus action involving a request for enforcement by Sarah Standish
(Plaintiff) against the Town of Troy (Town) and Roger French and Kathleen Lyford (Respondents)
alleging violations of the Town's zoning bylaws at property located at 118 Dominion Avenue, Troy,
Vermont (the Property). Plaintiff owns property that abuts the Property. She contends that
Respondents have violated various zoning bylaws through their use of the Property and that the Town
has refused to enforce these bylaws despite numerous requests. Plaintiff acknowledges that she has
filed this action in this Court without first appealing a decision of the administrative official and/or
appropriate municipal panel but argues that the inaction of the Town's Zoning Administrator (ZA)
left her with no option but to file for mandamus relief. Respondents have moved to dismiss Plaintiff's
Amended Complaint under V.R.C.P. 12(b)(6), 12(b)(3) and 12(b)(1),[1] and the Town has moved for
judgment on the pleadings under V.R.C.P. 12(c).[2] Plaintiff opposes these motions.

---

[1] Respondents seek dismissal pursuant to V.R.C.P. 12(b)(1), (3), and (6). Review of Respondents' motion,
however, indicates that their argument as it relates to Rule 12 consists of assessing this Court's subject matter jurisdiction
to hear the appeal under the statutes enumerated in 4 V.S.A. § 34. As such, the Court evaluates the motion under Rule
12(b)(1), aside from the section concerning the improper labelling of Respondents as Interested Parties, for the reasons
set forth herein.

[2] As the Town notes, Vermont caselaw establishes that no difference exists between the standards of review for
a motion for judgment on the pleadings and a motion to dismiss except for timing; the Court evaluates both motions
under the latter standard. Politella v. Windham Southeast School District, 2024 VT 43, ¶ 10.

## Legal Standard

V.R.C.P. 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. Brod v. Agency of Nat. Res., 2007 VT 87, ¶ 8 (citation omitted). "Because standing is a necessary component of the court's subject matter jurisdiction, it cannot be waived, and its absence can be raised at any time." Id. at ¶ 2; Bischoff v. Bletz, 2008 VT 16, ¶ 15 (citations omitted). When reviewing a motion to dismiss for lack of subject matter jurisdiction pursuant to V.R.C.P. 12(b)(1), the Court accepts as true all uncontroverted factual allegations and construes them in a light most favorable to the nonmoving party. Rheaume v. Pallito, 2011 VT 72, ¶ 2.

## Discussion

Some initial background on the municipal appeals process will help to place the parties' arguments in context. 24 V.S.A. §§ 4465, 4471 and 4472 lay out a path for appealing certain permitting decisions of municipal administrative officials, either by the individual who submitted the application or an individual who can demonstrate the requisite statutory standing requirements. If an individual does not agree with an administrative official's decision (for example, a zoning administrator's decision that zoning violations did or did not exist), they could appeal that decision to the "appropriate [municipal] panel." 24 V.S.A. § 4472(a). If a party to the action of the municipal panel disagrees with that decision, the remedy is an appeal to this Court. 24 V.S.A. § 4471(a).[3] In most situations, failure to file an appeal of an adverse decision within time periods prescribed in statute makes the decision final and unappealable. 24 V.S.A. § 4472(d); See Town of Pawlet v. Banyai, 2022 VT 4, ¶ 15 ("The purpose underlying § 4472(d) is the firm belief that there should, in fairness, come a time when the decisions of an administrative officer become final so that a person may proceed with assurance instead of peril.") (citations and quotation omitted).

Both Respondents and the Town assert that this Court lacks subject matter jurisdiction to hear Plaintiff's appeal because she failed to exhaust her administrative remedies through the appeal process as required by the above statutes. They argue that because Ms. Standish never received an adverse decision from the ZA, she never established the right to appeal to the "appropriate [municipal] panel," here, the Town's Development Review Board (DRB). Because § 4471 references appealing a decision rendered by such a panel, the Town and Respondents argue by extension that Plaintiff never

---

[3] § 4472 provides that the statutory path for appealing adverse decisions of a Town's administrative officer and municipal panel shall be an individual's "exclusive remedy" for seeking recourse. 24 V.S.A. § 4472(a).

established the right to appeal to this Court.[4]  As such, even though the present action is not an appeal of any decision by the DRB, they assert that her petition for mandamus relief is improper and unwarranted, and her mandamus action should be dismissed.

In response, Ms. Standish asserts that because the ZA never responded directly to her written requests regarding enforcement, she was rendered unable to begin the process laid out in § 4465 because there was no "decision or act taken by the administrative officer" that she could appeal to the appropriate municipal panel.  24 V.S.A. § 4465.  Relatedly, because she could not appeal to the municipal panel, she was also foreclosed from taking her request for enforcement to the Environmental Division.  24 V.S.A. § 4471(a).  As such, she alleges she had no other avenue for relief than to file this mandamus action and ask the Court to compel the ZA to take enforcement action in response to her allegations of zoning bylaw violations.[5]

Additionally, Respondents also assert that they should be dismissed from this matter because although Plaintiff names the Town and Village of North Troy as defendants in both versions of her complaint, her Amended Complaint re-labels Mr. French and Ms. Lyford as interested parties rather than defendants.

## I.      Applicability of Mandamus Action

First, the parties present a dispute as to whether mandamus is applicable in this case.  Because this is a threshold issue, we discuss it first.  The Vermont Supreme Court laid out the requirements for a successful mandamus action in Petition of Fairchild. 159 Vt. 125 (1992).  Fairchild recognized that:

> A court can issue a writ of mandamus . . . only under certain circumstances: (1) the petitioner must have a clear and certain right to the action sought by the request for a writ; (2) the writ must be for the enforcement of ministerial duties, but not for review of the performance of official acts that involve the exercise of the official's judgment or discretion; and (3) there must be no other adequate remedy at law.

Id. at 130 (citation omitted).

---

[4] The Court is confused by this assertion.  This is a mandamus action, not an appeal. Plaintiff does not need to establish a right to appeal to proceed with her mandamus action in this Court, but instead show that she had a clear legal right to a nondiscretionary duty and that no adequate alternative remedy existed.  Further, although the ZA's lack of response here is related to the viability of Plaintiff's action, there is no nondiscretionary duty to respond to requests for zoning enforcement.  The duty at issue here is the ZA's statutory obligation to enforce the Town's zoning bylaws under 24 V.S.A. § 4448(a).

[5] This order concerns the threshold issue of the Court's jurisdiction to hear this case. As such, the Court does not reach the merits of the alleged zoning violations at this time.

"'Mandamus is a command from the court to an official, agency, or lower tribunal to perform a simple and definite ministerial duty imposed by law.'" Island Indus., LLC v. Town of Grand Isle, 2021 VT 49, ¶ 21 (quoting Wool v. Office of Prof'l Regulation, 2020 VT 44, ¶ 18). The Vermont Supreme Court has "expanded the traditional writ of mandamus to include situations when there is "an arbitrary abuse of power which amounts to a virtual refusal to act or to perform a duty imposed by law . . . the alleged arbitrary abuse of discretion [must] amount to a practical refusal to perform a certain and clear legal duty." Id. (citations, quotation, and punctuation omitted).

Here, the ZA's clear legal duty is to enforce the Town's zoning ordinances. 24 V.S.A. §§ 4448(a), 4451(a); Petition of Fairchild, 159 Vt. 125, 130–31 (1992); Trickett v. Ochs, 176 Vt. 89, 94 (2003) (A zoning administrator must investigate complaints and enforce the Town's zoning ordinance upon the finding of a violation. . . ."). A zoning administrator's duty to enforce the zoning bylaws in their respective municipality is non-discretionary. Fairchild, 159 Vt. at 130. Thus, as a general matter, this is a ministerial duty that would generally be within the scope of a mandamus action.

Because the availability of another adequate remedy at law would obviate the need for this mandamus action, we analyze this element first. We conclude that Plaintiff lacked another adequate remedy at law to pursue these zoning violations. This is true for the reasons set forth below even though she did not appeal any decision by the ZA (or lack thereof) related to her multiple requests to enforce the zoning bylaws against Respondents.

Both the Town and Respondents contend that Plaintiff had another adequate remedy aside from mandamus under the law, and as a result mandamus does not apply here. This is based in their assertion that Plaintiff did not follow the process laid out in 24 V.S.A. §§ 4465 and 4471 in response to the ZA's failure to respond to her requests to enforce. Therefore, she failed to exhaust her administrative remedies through an appeal to the appropriate municipal panel, precluding mandamus. Alternatively, and interrelatedly, they assert that this Court lacks jurisdiction over the action pursuant to § 4472 and the doctrine of finality. 24 V.S.A. § 4472(d). Functionally, they assert by failing to appeal the lack of response by the ZA, Plaintiff is bound to the status quo created by this lack of enforcement. Consequently, the nonaction in response to a request to enforce cannot be collaterally attacked through this mandamus action. Thus, in both respects, the parties take issue with Plaintiff's alleged failure to undertake the municipal appeals process. Under the facts and circumstances of this case, neither argument presents grounds to conclude that Plaintiff had another adequate remedy at law that would preclude her mandamus action. Moreover, these arguments misconstrue the nature of

the appeal process and attempt to set an unworkable precedent, particularly within the context of zoning appeals and enforcement.

First, the characterization of Plaintiff's actions in both motions with regard to a decision from the zoning administrator appear to the Court to imply that she simply failed to reach out to the ZA or intentionally tried to circumvent the statutory process. On the contrary, Plaintiff's filed exhibits demonstrate attempts to contact the ZA directly, via municipal employees, and via the Town's general email addresses.

The most significant evidence comes in the form of an email chain beginning May 9, 2025, where Plaintiff reaches out to the Town and Village of North Troy asking for information on how to file a zoning complaint. Exhibit, filed 7/24/29, p. 1.[6] This email was sent to the general town email address, which appears to the Court to be managed by, and intended for, the Town Clerk.[7] After the Town Clerk responded to the initial email, Plaintiff explicitly noted that she believed Respondents were/are in violation of zoning bylaws at the Property regarding setbacks and requests assistance in determining whether this is so, once referencing the ZA by name. Id. at 4. This occurred in two separate emails. Id. Finally, she sends an email on the same thread to the Town, the ZA, and the entire selectboard stating her concerns about smells, potential gaseous emissions, and the number of animals on the land.

At no point in this thread did the ZA respond to Plaintiff regarding the substance of the alleged zoning violations, nor has the Court been provided with any response outside of this email thread pertaining to this issue. Thus, the Court has not been presented with a decision of the ZA on the underlying request. Therefore, there was no "act or decision" for Plaintiff to appeal to the DRB to challenge through the statutory process as recognized by 24 V.S.A. § 4472(a).

The Town asserts that the ZA's "failure to act,"—meaning failure to formally respond to Plaintiff's request—was itself an appealable decision under § 4472. In effect, they argue that Plaintiffs' failure to appeal the ZA's failure to respond to her requests means that she cannot challenge the ZA's inaction through mandamus at any point in the future. This argument lacks merit. While § 4472

---

[6] Plaintiff submitted exhibits in the form of email threads to this Court in late July along with her initial Complaint. These threads were identified by their content but not numbered. Although Plaintiff would likely need to re-file these exhibits in numbered order in advance of a merits hearing, at this stage, the Court finds it sufficient to note the thread referenced here is one of two labelled "Email to Town." It spans four pages and begins with an email to the Town and Village of North Troy on May 9, 2025.

[7] The email address for the Town lists the Troy Town Clerk's name as the intended recipient, leading the Court to believe the Town Clerk controls that email address. Further, in the Town's first response to Plaintiff, the Town Clerk signs the email with her municipal title and phone number, reinforcing the idea that an individual could be forgiven for thinking the Town Clerk's email is the same as the Town's email, even if that impression were incorrect. Id. at 3.

recognizes that failure to appeal a "failure to act" precludes collateral attacks, the Town's interpretation of this clause does not comport with the plain meaning of the statute and would lead to absurd results. Estate of Daniels by & through Lyford v. Goss, 2022 VT 2, ¶ 24 ("Generally, statutes should not be construed to produce absurd or illogical consequences.") (citation and quotation omitted).

First, there is no appeal timeline for the type of "failure to act" that has occurred here. For example, when a zoning administrator issues a decision, a 15-day appeal period is triggered under 24 V.S.A. § 4465 and failure to comply with that timeline triggers § 4472. A similar time period exists for appeals to this Court from decisions of municipal panels. 24 V.S.A. § 4471. The date of the decision triggers the running of the appeal period and, by extension, the preclusive results of a failure to comply with that appeal period in both statutes. Here, with no action, there was nothing to trigger an appeal period that could potentially result in preclusion under § 4472 if a party failed to appeal before time expired. Despite this, the Town essentially argues that at some unknown and unknowable time following the ZA's failure respond to Plaintiff's request, a 15-day appeal period began running and subsequently ended and now Plaintiff can never again raise the issue of zoning violations at the Property.[8]

In practice, this would mean that Ms. Standish would potentially have had to infer, without evidence or statutory direction, that the ZA's failure to act had somehow become appealable at some point in time between her email in mid-May and her filing a complaint with this Court at the end of July. The Town points to no date at which point the failure to act became an appealable inaction, simply that it did at some point. There is simply nothing within Chapter 117 to support this interpretation, and it is unworkable in practice. See In re Guillemette ZA Determination Appeal, 2025 VT 25, ¶ 32 ("[C]itizens should not be charged with knowing local regulations better than government officials charged with administering them . . . .") (quotation and citation omitted). Importantly, it also runs contrary to the non-discretionary provisions of § 4448(a) that require the ZA to ensure compliance with local zoning, effectively allowing an administrative officer to decline to pursue

---

[8] Although the Town does not raise this issue, it would likely be impacted by the preclusive effect of such an interpretation. For example, their proffered interpretation in this appeal could lead to municipalities being precluded from enforcing zoning bylaws against an alleged violator because of a failure of a zoning administrator to act in response to a request to enforce submitted by a citizen. Because a failure to act could occur for many reasons, including simple oversight by a zoning administrator, this interpretation could lead to municipalities being precluded, at least in some part, from pursuing enforcement of certain zoning violations. For this reason, which runs counter to the obligations of the zoning administrator and general purposes of zoning enforcement, the Town's interpretation in this case is inconsistent with Chapter 117.

affirmative statutory obligations by declining to respond to citizens seeking compliance with the zoning bylaws.[9]

The Town points to a recent Supreme Court decision, In re Guillemette ZA Determination Appeal, 2025 VT 25, to distinguish the present case from Fairchild. This Court fails to see the relevance of Guillemette to the present circumstances and discerns no conflict between these two precedents and this case that would render mandamus improper. In Guillemette, a neighbor received incorrect instructions on how to appeal a zoning administrator's decision, and as a result, filed an untimely appeal with this Court, which was dismissed on that basis. The Supreme Court found this dismissal was proper despite the incorrect instructions. Unlike the situation in Guillemette, and for the reasons set forth above, there was no decision from the ZA to appeal in this instance. Ms. Standish could not follow the statutory procedure to appeal the ZA's decision because no decision was ever provided to her informing her that the ZA disagreed with her assertions or was declining to enforce the zoning bylaws.[10] Further, in Guillemette, "neighbor had actual notice of the zoning administrator's decision." 2025 VT 25, ¶ 26. This was not the case here.

Moreover, the underlying facts in this case further demonstrate that no adequate alternative remedy existed for Plaintiff in this situation. Plaintiff's repeated entreaties to Town officials and the lack of an appealable response support the conclusion that the officially sanctioned remedy (i.e., an appeal of a decision of the ZA to the DRB) in this instance was inadequate. Fairchild, 159 Vt. at 131 ("Refusal of an official to perform nondiscretionary duties leaves the petitioners without an adequate remedy at law.") (quotation omitted). Without an act or decision by the ZA that was recognizable as a decision on her allegation of zoning violations, Plaintiff had nothing to appeal to DRB and so could not begin the process of seeking relief through that avenue. The assertion that Plaintiff somehow should have understood this meant she should have appealed the ZA's lack of action to the DRB does not stand up to scrutiny and runs contrary to the plain language of Chapter 117 and the ZA's non-discretionary obligations under 24 V.S.A. § 4448(a). See Guillemette ZA Determination Appeal, 2025

---

[9] It seems much more likely that the inclusion of "failure to act" within § 4472 relates to the "deemed approval" doctrine within § 4448(d). Under this doctrine, failure to act "with regard to a complete application for a permit" within a certain time frame results in that permit being deemed issued the following day. See 24 V.S.A. § 4448(d) (emphasis added). This interpretation provides internal consistency within Chapter 117 and does not render the term "failure to act" within § 4472 mere surplusage. State of Vermont Agency of Nat. Res. v. Parkway Cleaners, 2019 VT 21, ¶24 (courts decline to construe statutory language in a way that makes a significant part of statute surplusage). This doctrine is limited, however, to permit applications and does not relate to other requests for decisions submitted to an administrative officer.

[10] Although 24 V.S.A. § 4465 contains a 15-day time limit for filing a notice of appeal following a ZA's decision, it contains no time limit within which the ZA must render a decision regarding the merits of alleged violations. Thus, there was no point in time after which Ms. Standish could be assured that the ZA's failure to act became final and appealable to the appropriate municipal panel.

VT 25, ¶ 32. Due to the fact that both readings would undermine the statute's established purpose of finality, this cannot be the reading that the Legislature intended when crafting the municipal appeals process. Banyai, 2022 VT 4, ¶ 15. For these reasons, we conclude that Plaintiff lacked an adequate alternative remedy.

Having found that the enforcement of zoning bylaws, generally, is a non-discretionary duty and that Plaintiff did not possess another adequate remedy at law, the Court proceeds to analyze whether Plaintiff had a "clear and certain right to the action . . . ." Fairchild, 159 Vt. at 130. First, the procedural posture of the case at this stage has important implications for the content and framing of the relevant question before the Court at this juncture. Both the Town and Respondents seek dismissal of Plaintiff's case on procedural grounds, and motions to dismiss require the Court to draw inferences in favor of the nonmovant. Rheaume v. Pallito, 2011 VT 72, ¶ 2. Although this Court makes no decision here about the ultimate merit of the claimed violations, for purposes of this order it assumes violations of the bylaws exist as Plaintiff asserts. Wool v. Menard, 2018 VT 23, ¶ 13 (quoting Bargman v. Brewer, 142 Vt. 367, 373 (1983)) ("[S]ince plaintiffs have alleged facts which, if true, would permit an order in the nature of mandamus, they must be given an opportunity to at least introduce evidence in support of those allegations.")

Fairchild provides helpful guidance on the question of whether a clear right to the action exists here. In that case, the Vermont Supreme Court affirmed the lower court's issuance of a writ of mandamus to compel property owners to cease their use of a building the lower court had previously found to be a zoning violation. Fairchild, 159 Vt. at 132. The Supreme Court found the situation met the first element of mandamus because "[t]he petitioners, as interested persons, are affected by the [zoning] violations and entitled to enforcement . . . ." Id. Finally, it found that the ZA's refusal to enforce the bylaws denied the petitioners an adequate legal remedy. Id at 131.

Plaintiff, an abutting property owner asserting a physical and/or environmental impact on her property related to the alleged zoning bylaw violations, has a clear and certain right to this action. She has sufficiently alleged impacts as an interested person as defined by 24 V.S.A. § 4465(b)(3) to survive the pending motion to dismiss. Because we conclude at this time that she meets the definition of an interested person under § 4465(b)(3), she is entitled to the alleged enforcement; thus, she meets this element of mandamus. Id. at 130.

## II. Defendants as Interested Parties

Although initially named as Defendants in this action, Respondents seek dismissal due to re-classification as "interested parties" in Plaintiff's Amended Complaint. Mandamus actions against

municipalities to enforce decisions of municipal panels qualify as civil actions under Rule 3 of the Vermont Rules for Environmental Court Proceedings. V.R.E.C.P. Rule 3(8). Interested person status specifies various individuals or entities who may participate in actions before municipal panels or the Environmental Division. 24 V.S.A. §§ 4465, 4471. Under V.R.C.P. Rule 19, applicable to this Court through V.R.E.C.P. Rule 5, misjoinder of parties is not grounds for dismissal of an action. V.R.C.P. 19. Thus, Respondents' motion to dismiss on these grounds must be **DENIED**.

Given that Plaintiff initially labelled Ms. Lyford and Mr. French as Defendants and re-classified them as interested persons in her Amended Complaint, it appears to the Court that Plaintiff either sought to: 1) put Respondents on notice of her action against the Town and potential implications that action may have for Respondents; or 2) pursue liability against both the Town and Respondents. Mindful of Plaintiff's pro se status in applying the Rules of Civil Procedure, she shall have 14 days from the date of this Order to further amend her complaint to classify Ms. Lyford and Mr. French as Defendants, or they shall be dismissed from this action. In re Verizon Wireless Barton Permit, 2010 VT 62, ¶ 22 ("When a party appears pro se, the trial court should be cautious that the pro se litigant is not taken advantage of by strict application of rules of procedure.") (Citation and quotation omitted).

## Conclusion

For the foregoing reasons, both Respondents' and the Town's motions to dismiss are **DENIED**. Plaintiff has 14 days from the date of this Order to further amend her complaint to classify Ms. Lyford and Mr. French as Defendants, or they shall be dismissed from this action.

The Court will set this matter for a status conference; see enclosed notice.

Electronically signed this December 12, 2025 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division