VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 25-ENV-00072



| Alta Assets, LLC Zoning Permit 2023-06-ZP |
| --- |

## ENTRY REGARDING MOTION

Title:        Motion to Dismiss (Motion: 1)
Filer:        Nicolas AE Low, Esq.
Filed Date:   October 20, 2025

Memorandum in Opposition to Motion, filed on November 19, 2025, by Barbara Platt,
Steven Platt, and Joshua Vogel.

Reply in Support of Motion, filed on December 2, 2025, by Nicholas AE Low, Esq.

**The motion is GRANTED.**

In this matter, Barbara and Steven Platt[1] appeal a July 19, 2025 letter from the Town of Warren (Town) Zoning Administrator voiding a zoning permit issued to Alta Assets, LLC (Alta Assets) on March 21, 2025 (the ZA Letter). The Town moves to dismiss for lack of subject matter jurisdiction. The Platts and Mr. Vogel oppose the motion.

V.R.C.P. 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. When reviewing such a motion, this Court accepts all uncontroverted factual allegations as true and construes them in the light most favorable to the nonmoving party. Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245.

The timeline in this matter is relevant. On March 21, 2025, the Zoning Administrator issued a zoning permit to Alta Assets purporting to extend an earlier zoning permit issued to Alta Assets. Importantly, Alta Assets did not submit any application to the Zoning Administrator requesting this

---

[1] In this matter, Joshua Vogel and Hillary Burditt signed the Statement of Questions and Mr. Vogel joined in the opposition to the pending motion. The Court understands from other related appeals that Ms. Burditt and Mr. Vogel are married and neighboring property owners to the property at issue in this appeal. Neither Mr. Vogel nor Ms. Burditt appealed to this Court. The sole notices of appeal filed in this matter were the two filed on behalf of the Platts. Mr. Vogel filed a notice of self-represented appearance that was received by the Court on September 18, 2025. This is not a notice of appeal, and he has not filed a notice of appeal. Ms. Burditt has not entered an appearance in this matter, nor has she filed any notice of appeal. As such, to the extent that the parties dispute Mr. Vogel's and Ms. Burditt's party status before the Court, neither party is an appellant in this matter. Mr. Vogel is before the Court as an interested party. Ms. Burditt is not a party before the Court.

extension. The Platts and Mr. Vogel appealed that permit to the Town Development Review Board (DRB). The DRB held a public hearing on the appeal on June 30, 2025 and the Platts and Mr. Vogel attended. At that time, the June 30 hearing was rescheduled for July 21, 2025 to review the appeal. Prior to the July 21 hearing and the DRB issuing a decision on the appeal, the Zoning Administrator sent a letter to the DRB (dated July 19, 2025) stating that the March 21, 2025 zoning permit was "being retracted . . . ." Ex. A. Thus, the March 2025 permit was "null and void." Id. It appears that the DRB did hold the July 21, 2025 hearing, but there is no record before the Court that any DRB decision on the underlying appeal was issued.

On August 18, 2025, the Platts filed notices of appeal with this Court appealing the July 19 ZA Letter. Notice of Appeal (filed Aug. 18, 2025). The pending motion followed.

The Court lacks jurisdiction over this appeal for multiple reasons. First, the Platts appeal the ZA Letter to this Court. They assert this is because the ZA Letter "reactivated" a prior permit that they assert had expired and/or is not effective. While the Court is unclear whether this letter is an appealable decision generally, to the extent that it is, this Court is not the proper forum to hear appeals of decisions of an administrative officer such as the Zoning Administrator.

Appeals of acts or decisions by the Zoning Administrator must be filed within 15 days of the date of decision or act and are filed not with this Court, but with the appropriate municipal panel. See 24 V.S.A. § 4465(a). Here, that would be the DRB. The Platts did not appeal the ZA Letter to the DRB within 15 days. Instead, they appealed the ZA Letter directly to this Court within 30 days following its issuance. The failure to file a timely appeal in the proper forum deprives this Court of jurisdiction to hear the appeal.[2] See 24 V.S.A. § 4472; see also In re Ashline, 2003 VT 30, ¶¶ 10, 18, 175 Vt. 203 ("We strictly enforce the exclusivity of the remedy provisions . . . to require that all zoning contests go through the administrative and appellate review process in a timely fashion.") (citations omitted); see also In re Musto Wastewater Sys. 2014 VT 103, ¶ 6, 197 Vt. 514; see also City Bank & Tr. v. Lyndonville Savings Bank & Tr. Co., 157 Vt. 666, 666 (1991) ("Timely filing means filing at the designated place within the designated time . . . .") (internal quotation and citation omitted). While no party directly addresses this jurisdictional limitation, it nonetheless exists and presents grounds to

_____

[2] Because we conclude that we lack jurisdiction over the ZA Letter and the pending appeal, we do not reach the issue of whether the ZA Letter "reactivated" a prior permit because of what that letter included in dicta as a reason to void the underlying permit. We do note, however, that there are alternative reasons to void the March 2025 permit because it was issued absent an application, discussed below. Voiding for that purpose does not implicate the need to determine whether another permit remains in effect.

dismiss the appeal in full. See V.R.C.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Next, to the extent that this appeal is an appeal of the March 2025 zoning permit, that permit is void for multiple reasons. On the one hand, the Zoning Administrator's July 19 letter voided that permit. On the other hand, and most importantly as a matter of law, the March 2025 permit was void at the time of issuance. While the ZA Letter asserts that the permit was voided because another permit remained effective, on appeal the Town recognizes that the Zoning Administrator was without any authority to issue the permit such that it was void as a matter of law. The Court agrees with the Town. The Zoning Administrator received no application for the March 2025 zoning permit. Absent an application for a zoning permit, the Zoning Administrator lacks authority to issue a permit. See 24 V.S.A. § 4448 (addressing the duties and powers of an administrative officer and setting forth in part obligations as it relates to applications).[3] As a result, the permit was void at the time of issuance and is "without legal effect" and not ripe for review by this Court. In re the Intervale Ctr., Inc., No. 89-5-08 Vtec, slip op. at 18 (Vt. Super. Ct. Envtl. Div. Feb. 24, 2009) (Durkin, J.) (noting that this Court "cannot exercise jurisdiction over what is essentially a legal nullity."). Thus, the permit on appeal was and is a legal nullity and is without legal effect because it was void ab initio. We are without jurisdiction to a hear an appeal of that permit.

Finally, while the Platts assert that they are appealing the ZA Letter, they also assert that they are appealing Zoning Permit 2023-06-ZP. That permit appears to have been issued in February 2024. This Court lacks jurisdiction over an appeal of that permit. While the Platts assert that they appealed the February 2024 permit to the DRB, the DRB has not issued a decision that would be appealable to this Court. See 24 V.S.A. § 4472(a).[4] Therefore, there is no DRB decision that has been appealed to this Court. To the extent that the Platts seek to directly appeal the 2023-06-ZP to this Court, for the reasons set forth above, this direct appeal would be improper.

Thus, for the foregoing reasons, this Court is without jurisdiction over the appeal at the most fundamental level and the matter must be dismissed.

---

[3] Relatedly, it is likely that this Court would be without jurisdiction over this matter for a similar reason even if the Zoning Administrator had not affirmatively voided the permit. This is because absent an application the Court cannot determine whether a theoretical project or non-existent application would comply with the relevant zoning bylaws. To issue such a decision would be to issue an impermissible advisory opinion. See In re Snowstone Stormwater Discharge Authorization, 2021 VT 36, ¶ 28, 217 Vt. 587. Thus, the lack of an application would similarly impact this Court's jurisdiction even without the Zoning Administrator's decision to void the permit in July 2025.

[4] The Platts assert that the DRB has/had mishandled their appeal of the February 2024 permit. Because we conclude that this permit is not before the Court, we do not opine on the merits of that assertion.

In reaching this conclusion, the Court further believes it important to briefly note other jurisdictional concerns with respect to the contents of this appeal.

First, multiple Questions in the Statement of Questions seek advisory opinions as to Alta Assets' compliance with other permits or regulations not before the Court. Some of the Questions seek advisory opinions as to the effectiveness of other permits issued to Alta Assets not before the Court in this appeal. This Court is without jurisdiction to issue advisory opinions. See Snowstone, 2021 VT 36, ¶ 28.

Second, and most notably, the opposition to the pending motion asserts that it was filed in part due to concerns about Alta Assets' "proposed development in an environmentally-sensitive area, the Meadowland, that is legally protected under the Town's regulations . . . ." Opposition to Motion at 18 (filed on Nov. 19, 2025). While the Meadowland is not directly implicated in any of the Questions on appeal, mention of the Meadowland in this appeal warrants a brief discussion. This appeal is the fifth appeal this Court has received in approximately 2 years related to the underlying Alta Assets project. The Platts and Mr. Vogel have been directly involved in 4 of those appeals. The Platts and Mr. Vogel have been informed multiple times, both by this Court and Vermont Supreme Court, that matters related to the Meadowland Overlay District have been finally decided by the conditional use permit. See In re Alta Assets, LLC, No. 23-ENV-00071, slip op. at 3–4 (Vt. Super. Ct. Envtl. Div. Jan. 31, 2024) (Durkin, J.); In re Alta Assets LLC Appeal, 24-AP-122 (2025) (unpub. mem.); In re Alta Assets DRB Appeal, No. 24-ENV-00023 (Vt. Super. Ct. Envtl. Div. Aug. 5, 2024) (Walsh, J.).[5] Despite this, their opposition to the pending motion again touches upon this issue.[6] To the extent that any of the Questions before the Court in this appeal seek to raise issues related to whether the project should have been subject to the Meadowland Overlay District provisions of the underlying zoning regulations, appellants remain prohibited from collaterally attacking the conditional use permit. See Burlington v. Sisters & Brothers Inv. Grp., LLP, 2023 VT 24, ¶ 13.

---

[5] A third appeal was related to a wetlands determination by the Agency of Natural Resources (ANR). See In re Lot 20, Applewood Road Westland Determination, No. 24-ENV-00072. While the parties, there appellants, voluntarily withdrew their appeal following independent review by a wetlands expert, the Court notes that the parties still argued issues related to the Meadowland and the overlay district in that matter.

[6] The Court's inclusion of this litigation history does not present independent grounds to dismiss the action at this time. The Court is also cognizant of the fact that the Platts and Mr. Vogel are self-represented. Despite this, the Court feels it important and prudent to take note of events given the significant amount of litigation and judicial resources expended related to these appeals. This is particularly true when considering the decisions issued and the reasonings set forth therein, especially as it relates to the Meadowland and this project.

Thus, for the foregoing reasons, the Town's motion is **GRANTED** and this matter is **DISMISSED**. The Platts and Mr. Vogel's motion for leave to file a sur-reply is **MOOT**.[7]

This concludes the matter before the Court. A Judgment Order accompanies this Entry Order.

Electronically signed December 22, 2025 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division

---

[7] A sur-reply would not have been warranted in these circumstances. This is largely because the present appeal is not properly before the Court for the threshold jurisdictional reasons set forth herein.