VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

Docket No. 25-ENV-00122



| Marckres Zoning Permit #24-09 |
|---|

### ENTRY REGARDING MOTION

Title:          Motion to Dismiss

Filed:          February 20, 2026

Filed By:       Amber Burke, Attorney for Richard and Alice Marckres

Appellants' Opposition to Motion to Dismiss filed March 6, 2025, by Gary Kupferer, Attorney for Steve Bauer and Annemarie Glanzmann and the Bauer Glanzmann 2023 Trust

Richard and Alice Marckres Reply in Support of Motion to Dismiss, filed March 19, 2026, by Amber Burke, Esq.

**The motion is GRANTED IN PART and DENIED IN PART.**

This is an appeal by Steve Bauer and Annemarie Glanzmann and the Bauer Glanzmann 2023 Trust (together, Appellants) from a November 20, 2025 decision of the Town of Sudbury (Town) Zoning Board of Adjustment (ZBA).[1]  The ZBA upheld a September 21, 2025 decision of the Town's Interim Zoning Administrator finding that: (1) a zoning permit (Permit #24-09 or the Permit) had issued to Richard and Alice Marckres (together, Applicants) to rebuild a garage on their property at 89 Steele Road in the Town (the Property), (2) the appeal period for the Permit had expired, and (3) the garage was constructed in accordance with the Permit, such that there were no violations.[2]

Applicants have moved to dismiss this appeal for lack of subject matter jurisdiction, arguing Appellants failed to timely appeal the Permit, which was issued on June 10, 2024.  In response, Appellants argue that the appeal period did not begin to run on June 10, 2024 due to Applicants' and the former zoning administrator's failure to post notice as required by statute.  They also contend that,

---

[1]  The ZBA's decision is dated November 20, 2025 at the top of its first page and "Nov. 4, 2025" at the top of the second page.  The Court understands from the text of the decision that November 4, 2025 is the date of the ZBA's warned public hearing. The decision also contains a signature block for Steven Lohrenz, as Chair of the Town Planning Commission, but is otherwise unsigned.  The Court understands that Mr. Lohrenz is the ZBA Chair.

[2]  As submitted to the Court, a portion of the September 21, 2025 decision, which is in the form of a letter, is illegible.  Some portions of the letter are legible.  In any event, this appeal is of the ZBA's determination and no party disputes the content of the Zoning Administrator's decision.

at a minimum, this Court has jurisdiction over issues of permit compliance and whether the permit should be revoked. For the reasons discussed below, Applicants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART.**

### Factual Background

Applicants and Appellants are the owners of adjoining camp properties in the Town, located off Steele Road, on the shore of Burr Pond. On or about May 8, 2024, Applicants applied for the Permit to rebuild a garage on a concrete slab on the Property.[3] The new garage was proposed in the same location (or approximately the same location) where a previous garage had stood until it burned down in 1997.

On June 10, 2024, the Zoning Administrator at the time (who has since left the position) conducted a site visit and issued Permit #24-09.[4] It is undisputed that following permit issuance, Applicants were not given a Notice of Permit by the former Zoning Administrator to post within view of the public right-of-way most nearly adjacent to the Property. Similarly, it is undisputed that the former Zoning Administrator also did not post a copy of the Permit in at least one public place in the Town for fifteen days from its date of issuance.

No one appealed the Permit during the statutory 15-day appeal period. Applicants began construction of the garage on or about May 30, 2025. Construction was completed on July 3, 2025. Appellants first raised a concern about the garage on July 9, 2025, when they filed a formal complaint with the Vermont Agency of Natural Resources (ANR). As indicated in Applicants' Exhibit A (a copy of the ANR Complaint Report Form), Appellants were aware that the Town had issued Permit #24-09 at that time.

On July 24, 2025, Appellant Steven Bauer filed a "formal notice" of concerns with the Town (Applicants' Exhibit B) regarding the Permit, writing "[t]his notice is to state my objection as the abutting property owner to: Permit No. 24-09 granted June 10, 2024 to: Richard and Alice Marckres."[5] The notice lists a number of concerns, including concerns about the lack of posting and rhetorically asks "[h]ow could I appeal when there was no notice of the zoning permit that I could see?"[6] On

---

[3] A copy of the application has not been provided to the Court.

[4] A copy of Permit #24-09 has not been provided to the Court.

[5] The notice of concerns is undated but contains a handwritten notation stating "7/24/25 E-MAIL."

[6] The second page of Appellants' formal notice (Applicant's Exhibit B) contains the heading "Vermont Permit Posting" and states in part: "If a permit was issued but wasn't properly posted for public notice, you may still be able to appeal the permit decision. Under Vermont law, an interested person has 15 days to appeal a Zoning Administrator's decision (including the issuance of a permit) [the next three lines of Exhibit are largely illegible] . . . the appeal period may not have officially begun, which could allow for an appeal even if the formal 15-day period seems to have passed. To

August 11, 2025, following an August 5, 2025 ZBA meeting that Mr. Bauer attended, the ZBA Chair wrote to Mr. Bauer notifying him that the appeal period for the Permit had passed, but that the ZBA was treating the formal notice as a request for zoning enforcement and that he would ask the Zoning Administrator to investigate the alleged violations. Applicants' Exhibit C.

On September 21, 2025, the Interim Zoning Administrator issued her decision, referenced above, which Appellants timely appealed to the ZBA on October 3, 2025. Applicants' Exhibit E. The notice of appeal alleges, among other things, that "the application and structures set forth in Permit #24-09 violate the Sudbury Unified Development Ordinance . . . [t]he Permit was not posted within the public right-of-way and the Appellant was thus denied notice within the appeal period as required by due process . . . [t]he application [contains] . . . material misrepresentations . . . [t]he September 21, decision should be vacated, the Zoning Administrator should issue a Notice of Violation and the Town of Sudbury should petition for the revocation of Permit #24-09." Id. The October 3, 2025 notice of appeal states, for the first time, that Appellants were appealing the Permit issued June 10, 2024 to the ZBA. Id.

In its written decision, the ZBA found that the permit was not posted "within the public right-of-way" or "at the Town Clerk's office," but concluded that "[t]he building has been constructed in accordance with the permit, on the footprint indicated in the permit application, with no violations in the construction process or location of the building" and "[t]he permit was issued and no appeal was taken; therefore the permit is valid under Vermont law regardless of any errors in process which occurred."[7] On December 11, 2025, Appellants timely appealed the ZBA's decision to this Court.

## Legal Standard

Applicants' motion concerns this Court's jurisdiction over the pending appeal. As such, we follow the standards established in V.R.C.P. 12(b)(1), since the Rules of Civil Procedure generally govern proceedings in this Division. See V.R.E.C.P. 5(a)(2). When considering V.R.C.P. 12(b)(1) motions to dismiss, "we accept all uncontroverted factual allegations of the nonmovant as true and construe them in the light most favorable to the nonmovant." In re Burns 12 Weston St. NOV, No. 75-7-18 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Apr. 5, 2019) (citing Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245). We therefore provide deference to Appellants when considering Applicants'

---

appeal you would typically file a notice of appeal with the Secretary of the Development Review Board or the Town Clerk of that municipality."

[7] Despite finding that "[t]he Notice of Permit was not given to . . . the Marckres [sic]," the ZBA used its decision to fine the Marckreses a total of $520 because they "failed to post the permit as required," and for failure to contact the State DEC's permit specialist.

pending dismissal motion. The Court may also consider evidence outside the pleadings when resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). Conley v. Crisafulli, 2010 VT 38, ¶ 3, 188 Vt. 11.

<strong><u>Discussion</u></strong>

The motion before the Court seeks dismissal for failure to file a timely appeal of Permit #24-09 to the ZBA.

Ordinarily, interested persons seeking to appeal the issuance of a zoning permit by an administrative officer must file their notice of appeal "within 15 days of the date of that decision or act." 24 V.S.A. § 4465(a).[8] This provision provides "the exclusive remedy for contesting local zoning decisions or actions." In re Tekram Partners, 2005 VT 92, ¶ 8 (citing 24 V.S.A. § 4472(a)). The ZBA, in the first instance, and this Court, in a de novo appeal, lack jurisdiction to entertain an untimely appeal. 24 V.S.A. § 4472(d). The exclusivity-of-remedy provision is "'a procedural mandate passed by the Legislature requiring all interested parties to bring any appeal through the proper administrative mechanisms' by barring 'interested parties from collaterally challenging a zoning administrator's decision once the appeal period has passed.'" In re Guillemette ZA Determination, 2025 VT 25, ¶ 30 (quoting Town of Pawlet v. Banyai, 2022 VT 4, ¶ 20). Thus, in the absence of an applicable exception, the jurisdictional limitations set forth in § 4472 are determinative. Id. (citing In re 2078 Jersey St. CU Reconsideration Denial, 2024 VT 20, ¶ 22).

In other words, the absence of a timely appeal prevents the ZBA or this Court from considering the merits of an appeal, even if the administrative officer issued a permit in error or without the statutory or regulatory authority to do so. See In re Taft Corners Assocs., 162 Vt. 638, 639 (1994) (mem.) (If a timely appeal of a decision of the zoning administrator is not taken, the trial court is barred under 24 V.S.A. § 4472(d) from asserting jurisdiction "even if the administrator's ruling [was] ultra vires") (citing Levy v. Town of St. Albans, 152 Vt. 139, 142 (1989)); see also Tekram, 2005 VT 92, ¶ 8 (stating that courts have "'strictly enforced' [the] exclusivity-of-remedy provision to ensure timely review of all zoning disputes, thereby assuring parties of finality"); City of S. Burlington v. Dept. of Corrs., 171 Vt. 587, 588 (2000) (stating that the court has "recognized that the policy underlying the [exclusivity-of-remedy] statute is to assure parties of finality"); Town of Charlotte v. Richmond, 158 Vt. 354, 356 (1992).

---

[8] It is for this reason that Appellants' assertion that the appeal period did not begin to run on the date of the Permit's issuance is incorrect, as further discussed below.

It is undisputed that Appellants did not appeal the permit within the 15-day appeal period. Despite this, Appellants assert that they may appeal the Permit because the Applicants and zoning administrator failed to post the permit in the manner required by 24 V.S.A. § 4449 and, consequently, they were deprived of notice and due process.

24 V.S.A. § 4449(b) mandates that each zoning permit establish the period of time within which an appeal may be taken, in addition to "requir[ing] posting of a notice of permit on a form prescribed by the municipality within view from the public right-of-way most nearly adjacent to the subject property until the time for appeal in section 4465 of this title has passed." 24 V.S.A. § 4449(b). Further, "[w]ithin three days following the issuance of a permit, the administrative officer shall: . . . (2) post a copy of the permit in at least one public place in the municipality until the expiration of 15 days from the date of issuance of the permit." 24 V.S.A. § 4449(b)(2). As noted above, it is undisputed that these statutory posting requirements were not met in this case—Applicants were not given a notice of permit form and, hence, they did not post anything within view of the public right-of-way most nearly adjacent to the Property and the Zoning Administrator did not post a copy of the Permit at the Town Clerk's office or any other public place in the Town.[9]

Appellants, relying on Vermont Supreme Court precedent and case law from this Court, assert that the appeal period in this matter never began to run due to the undisputed lack of notice required by 24 V.S.A. § 4449(b). This assertion is in error. Section 4465 of Title 24 clearly establishes that, where a zoning administrator has acted, the relevant appeal period begins to run based on the "date of that decision or act," not the date a party received notice or some other time frame. This interpretation is consistent with how the Vermont Supreme Court has interpreted similar language governing appeals from an appropriate municipal panel to this Court. See In re Mahar Conditional Use Permit, 2018 VT 20, ¶ 13 (recognizing that the date of the decision triggers the appeal period, not the date of notice) (citing 10 V.S.A. § 8504(b)(1)). Thus, the appeal period began to run from the date of the Permit and, consequently, the appeal is untimely. The issue before the Court is whether Appellants can maintain their appeal of the Permit despite its untimeliness due to the undisputed lack of statutorily required constructive notice.

---

[9] Unlike development review applications (and zoning administrator appeals) considered by an appropriate municipal panel—and decisions rendered in connection therewith—actual notice is not required to be provided of either an application for a zoning permit or the issuance thereof. See 24 V.S.A. § 4464(a)(1)(C) and (a)(2)(B) (requiring written notification to adjoining property owners of development applications/appeals); 24 V.S.A. § 4464(b)(3) (requiring copies of the decision to be sent to every person or body appearing and having been heard at the hearing); 24 V.S.A. § 4449(b).

In prior decisions, this Court has hesitated to conclude that allowing a late appeal is the automatic result and remedy of deficient posting, particularly where a would-be appellant did not attempt to file a late appeal during the time that construction was ongoing pursuant to the permit or at the time they first became aware of that construction. See In re Feeley Construction, Nos. 4-1-10 Vtec & 5-1-10 Vtec, slip. op. at 15, (Vt. Envtl. Ct. June 16, 2010) (Wright, J.) ("the Court would also expect Appellants to present evidence as to the reasons why they did not attempt to file a late appeal of either permit during the time that construction was ongoing pursuant to the permit, or at the time at which they first became aware of that construction"). Similarly, the Supreme Court has observed that a late appeal cannot be justified where an adjoining property owner had notice of the issuance of a permit at an earlier date and did not attempt to appeal at that time. See In re Musto Wastewater System, 2014 VT 103, ¶ 8 ("[W]e note that neighbor had notice of the issuance of the permit at the very least as early as the date on the letter that she wrote to ANR 'to inform' the agency that information provided by the septic system designer was 'incorrect.'").

Instead, in the absence of strict compliance with posting requirements, the question of allowing an otherwise untimely appeal turns on whether a would-be appellant received alternative forms of constructive notice and how their attempted appeal fits within that context. See e.g., Feeley, supra, slip op. at 15; Musto, 2014 VT 103, ¶ 8; In re Bicknell Tr. Zoning Permit, No. 22-ENV-00107, slip op. at 14 (Vt. Envtl. Ct. May 18, 2023) (Walsh, J.) ("Neighbors also received constructive notice when they viewed the delivered cabin materials and viewed it being transported to the Project site . . . While this constructive notice occurred after the 15-day appeal period would have run, it still occurred approximately 5 months prior to the subsequent appeal being filed and we have been provided with no reason why an appeal did not occur for another 5 months.").

Constructive notice is "'such notice as is implied or imputed by law, usually on the basis that the information is a part of a public record or file' or '[n]otice with which a person is charged by reason of the notorious nature of the thing to be noticed, as contrasted with actual notice of such thing.'" New England Fed. Credit Union v. Stewart Title Guar. Co., 171 Vt. 326, 335 (2000) (quoting Black's Law Dictionary 314 (6th ed. 1990)) (emphasis added). In other words, in addition to other forms of constructive notice, one is considered to be on notice of those facts that could have been discovered with reasonable inquiry. See McGann v. Capital Sav. Bank & Tr. Co., 117 Vt. 179, 183 (1952) ("[O]ne who has knowledge of facts sufficient to induce a prudent man to inquire in respect to other facts germane to the matter in hand, will be charged with knowledge of such other and further facts as he

might have learned by reasonable diligence in prosecuting his inquiry in the right direction.") (citation omitted).

As noted above, Vermont law does not provide adjoining landowners with the right to actual notice of a zoning permit. Rather, 24 V.S.A. § 4449 provides for constructive notice to all the world of the issuance of a zoning permit through posting within view from the public right-of-way most nearly adjacent to the subject property and posting in at least one public place in the municipality. Although it is undisputed that statutory constructive notice by way of posting did not occur in this case, Appellants had constructive notice of the issuance of the permit at the very least as early as July 9, 2025, the date that they filed their formal complaint with ANR.[10] That complaint expressly states that "[t]he Town of Sudbury granted a permit for my neighbor to construct a 24' x 26' garage less than 100' from Burr Pond." Applicants' Exhibit A.

Fifteen days later, Mr. Bauer filed his formal notice of concerns with the Town. The notice of concerns was not a notice of appeal—indeed, on its face it states: "To appeal, you would typically file a notice of appeal with the Secretary of the Development Review Board or the Town Clerk of that municipality." Ex. B. This suggests that Mr. Bauer understood that there was a distinction between his "formal notice" to the Town and a notice of appeal of Permit #24-09. Moreover, nowhere in their Opposition to Motion to Dismiss do Appellants argue that the notice of concerns was an appeal of Permit #24-09. Comparing the notice of concerns to their October 3, 2025 notice of appeal further establishes that the July 25, 2025 notice of concern was not a notice of appeal. This is clear given its construction and contents. Most notably, the October 3, 2025 notice of appeal is the first time that Appellants expressly state that they "hereby appeal Permit #24-09 dated June 10, 2024" (as well as the September 21, 2025 decision of the zoning administrator).

Based on the foregoing, we conclude that Appellants' appeal of Permit #24-09 was untimely. Notwithstanding 24 V.S.A. § 4472(d), Appellants here had constructive (inquiry) notice no later than July 9, 2025. They did not file a proper notice of appeal of Zoning Permit #24-09 with the ZBA until October 3, 2025, eighty-six days later. Appellants' untimely appeal to the ZBA deprives this Court of

---

[10] While the record is not clear regarding precisely when Appellants first observed construction activity on Applicants' property, Applicants began construction of the garage in reliance on the Permit on or about May 30, 2025 and construction was complete on July 3, 2025. In other words, some level of construction activity was likely occurring on the Property for the entire month of June, and into the first few days of July 2025. Nowhere in their Opposition filing or elsewhere do Appellants assert that they were not present at their property in June and early July 2025 such that they did not witness all or part of the garage's construction. Despite this, the Court uses the latest date in the record to demarcate the point after which Appellants had constructive notice.

jurisdiction over the Permit appeal. See Richmond, 158 Vt. 354, 357-58 (failure to perfect timely appeal to board of adjustment deprives court of subject matter jurisdiction).

Appellants do not argue for or otherwise present any legal basis to reopen the time for taking an appeal from the issuance of a zoning permit beyond lack of statutory notice and due process.[11]

By contrast, Appellants did timely appeal: 1) the Interim Zoning Administrator's September 21, 2025 decision that construction complied with the Permit as issued, with no violations, and 2) the ZBA's November 20, 2025 decision upholding that determination. The finality and exclusivity-of-remedy doctrines embodied in 24 V.S.A. § 4472(a) and (d) do not preclude an interested person from taking action to ensure compliance with the terms of a zoning permit. See Charlotte Farm & Mills, 172 Vt. 607, 608 (2001) ("[T]he fact that no one timely appealed the initial permit . . . did not preclude neighboring property owners from later seeking review of the zoning administrator's decision that . . . activities were within the scope of its permit."). Therefore, to the extent that Appellants seek to challenge the garage's compliance with the Permit as issued through their Statement of Questions, their appeal is timely and Applicants' motion to dismiss this aspect of the appeal is **DENIED**. No other grounds to dismiss that aspect of the appeal have been presented.

For the reasons discussed above, Permit #24-09 is final and Appellants' appeal thereof is untimely such that the Court is without jurisdiction to hear it. Applicants' motion to dismiss this aspect of the appeal is therefore **GRANTED**. The Court need not address issues related to violations or permit revocation unless and until it has made a determination regarding permit compliance.

### Conclusion

For the reasons discussed above, Applicant's Motion to Dismiss Appellant's appeal of Zoning Permit #24-09 is **GRANTED**. To the extent that Appellants' Statement of Questions purports to challenge the Permit, or the garage structure constructed in accordance with the Permit, those Questions are **DISMISSED**. Applicant's Motion to Dismiss is **DENIED** to the extent that it seeks dismissal of any Questions related to the constructed garage's compliance with Permit #24-09. Such Questions are properly before the Court. However, upon review of Appellant's Statement of Questions and based on the conclusions herein, it appears that only Question 8 remains properly

---

[11] For example, Appellants have not requested relief under V.R.A.P. 4(c), which has been reviewed and applied by this Court (and the Supreme Court) in the context of appeals from appropriate municipal panels or Act 250 District Commissions. See e.g., Mahar, 2018 VT 20, ¶¶ 16-22; In re Mathez Act 250 LU Permit, 2018 VT 55, ¶ 14. While it is not clear whether relief would be available to Appellants under Appellate Rule 4, they did not seek such relief.

before the Court. The Court will schedule a status conference to discuss the Statement of Questions and the schedule for further proceedings.

Electronically signed on April 15, 2026, pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division